(No. 72346.—

## THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. HENRY JONES, Appellee.

*Opinion filed June 25, 1992.*

Roland W. Burris, Attorney General, of Springfield, and Robert Haida, State's Attorney, of Belleville (Rosalyn B. Kaplan, Solicitor General, Terence M. Madsen and Mary Brigid Kenney, Assistant Attorneys General, of Chicago, and Kenneth R. Boyle, Stephen E. Norris and Kendra S. Mitchell, of the Office of the State's Attorneys Appellate Prosecutor, of Mt. Vernon, of counsel), for the People.

Daniel M. Kirwan, Deputy Defender, and Rita K. Peterson, Assistant Defender, of the Office of the State Appellate Defender, of Mt. Vernon, for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

Henry Jones (Jones) was charged by information with armed robbery. (Ill. Rev. Stat. 1987, ch. 38, par. 18—2.) The information stated that "defendant, while armed with a dangerous weapon, a gun, took property of Lizzie [*sic*] Harden, being one 1984 green-gray 2-door Buick-Regal, and property of Barbara Clark, being one beige ladies purse from the person of Barbara Clark, by threatening the imminent use of force."

Following a bench trial, the trial judge found that there was insufficient evidence to prove the presence of a weapon or a threat of force and that Jones therefore was not guilty of armed robbery. The court, however,

found that Jones was guilty of theft (Ill. Rev. Stat. 1987, ch. 38, par. 16—1), and sentenced him to 2½ years in the Illinois Department of Corrections. The appellate court, with one justice dissenting, reversed Jones' theft conviction, holding that theft is not a lesser included offense of armed robbery and therefore Jones could not have been found guilty of theft when he had been charged with armed robbery. (217 Ill. App. 3d 175.) We allowed the State's petition for leave to appeal. (134 Ill. 2d R. 315.) We now reverse the appellate court.

According to the testimony at trial, on October 24, 1988, Barbara Clark (Clark) was seated in a Dodge automobile in East St. Louis, Illinois, and her sister, Sandra Harden (Harden), was directly behind her, seated in their mother's Buick Regal. The Dodge apparently was not operable, and the two women were using the Buick Regal to push the Dodge. A man, later identified by Clark in a lineup as Jones, approached Clark's car. Clark testified that Jones pointed a gun at her and told her to get out of the car. When Clark got out of the car, Jones took a purse from inside the Dodge. Jones then got into the Buick Regal and drove away after Harden left that car.

The next day, Jones was apprehended after a deputy sheriff saw the Buick Regal taken from Harden roll to a stop in a parking lot after hitting a garbage dumpster in an adjoining alley. The deputy apprehended Jones, who was driving the car, after Jones attempted to flee on foot from the parking lot. The purse taken from Clark was found in the car. Jones denied taking the car or the purse from Harden and Clark.

At issue in this appeal is whether Jones could properly be convicted of theft where the charging instrument expressly charged him only with armed robbery. Section 16—1 of the Criminal Code of 1961 defines the offense of theft as follows:

"A person commits theft when he knowingly:

(a) Obtains or exerts unauthorized control over property of the owner; or

(b) Obtains by deception control over property of the owner; or

(c) Obtains by threat control over property of the owner; or

(d) Obtains control over stolen property knowing the property to have been stolen or under such circumstances as would reasonably induce him to believe that the property was stolen, *and*

(1) Intends to deprive the owner permanently of the use or benefit of the property; or

(2) Knowingly uses, conceals or abandons the property in such manner as to deprive the owner permanently of such use or benefit; or

(3) Uses, conceals, or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 38, par. 16—1.

The offense of robbery is committed when a person "takes property from the person or presence of another by the use of force or by threatening the imminent use of force." (Ill. Rev. Stat. 1987, ch. 38, par. 18—1.) A person commits armed robbery when he or she commits a robbery "while he or she carries on or about his or her person, or is otherwise armed with a dangerous weapon." Ill. Rev. Stat. 1987, ch. 38, par. 18—2.

It is axiomatic that no person may be convicted of an offense the person has not been charged with committing. (*People v. Lewis* (1980), 83 Ill. 2d 296, 300.) However, an accused may be convicted of an offense not expressly included in the charging instrument if that offense is a "lesser included offense" of the offense expressly charged. (*Lewis*, 83 Ill. 2d at 300; *People v. Schmidt* (1988), 126 Ill. 2d 179, 183.) A lesser included offense is defined by the Criminal Code as an offense which "[i]s established by proof of the same or less than

all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged." (Ill. Rev. Stat. 1987, ch. 38, par. 2—9(a).) Stated more simply, a lesser included offense is one composed of some, but not all, of the elements of the greater offense, and which does not have any element not included in the greater offense.

There is a split among the panels of the appellate court of this State on the question of whether theft is a lesser included offense of robbery. Some panels have found that theft was a lesser included offense of robbery. Those panels have generally based their conclusion upon the language of the charging instrument in that particular case. (See, *e.g., People v. Rivers* (1990), 194 Ill. App. 3d 193; *People v. Romo* (1980), 85 Ill. App. 3d 886; *People v. Beck* (1976), 42 Ill. App. 3d 923; see also *People v. King* (1979), 67 Ill. App. 3d 754.) Other panels have determined that theft is not a lesser included offense of robbery. (See *People v. Thomas* (1983), 119 Ill. App. 3d 464; *People v. Gray* (1980), 80 Ill. App. 3d 817; *People v. Kimble* (1980), 90 Ill. App. 3d 999; *People v. Baker* (1979), 72 Ill. App. 3d 682; *People v. Pack* (1976), 34 Ill. App. 3d 894; *People v. Yanders* (1975), 32 Ill. App. 3d 599.) In general, those panels have concluded that theft is not a lesser included offense of robbery because the statutory definition of theft contains the additional element of intent (or other mental state as set forth in the theft statute) to *permanently deprive* the victim of the property, an element that is not found in the statutory definition of robbery. (See, *e.g., People v. Kimble* (1980), 90 Ill. App. 3d 999; Ill. Rev. Stat. 1987, ch. 38, pars. 16—1(d)(1), (d)(2), (d)(3).) The defendant here urges this court to adopt this latter reasoning and to conclude that theft is not a lesser included offense of robbery because the statutory definition of theft includes an element not included in the statutory definition of armed robbery.

This court's decision in *People v. Bryant* (1986), 113 Ill. 2d 497, provides guidance on this issue. In *Bryant*, the defendant was expressly charged with attempted burglary. At trial, the defendant requested a jury instruction that would permit the jury to find him guilty of criminal damage to property for breaking a window of the building he allegedly attempted to enter. The trial court, however, denied the defendant's request on the grounds that criminal damage to property was not a lesser included offense of attempted burglary. This court reversed, finding that criminal damage to property was a lesser included offense of attempted burglary as charged in that particular case. *Bryant*, 113 Ill. 2d at 505.

In *Bryant*, this court looked to the charging instrument to decide whether criminal damage to property was a lesser included offense of the charged attempted burglary. The indictment in *Bryant* did not contain any express allegation of the mental state of knowledge necessary to sustain a conviction for criminal damage to property. (*Bryant*, 113 Ill. 2d at 502.) Nevertheless, this court found that the indictment "set out the main outline of the lesser offense proposed by the defendant here. The property damage to the building was the obvious foundation of the charge ***." (*Bryant*, 113 Ill. 2d at 505.) This court found that it was not necessary that the indictment *expressly* allege all of the elements of the lesser offense. (*Bryant*, 113 Ill. 2d at 505.) On the contrary, this court determined that the indictment in that case "implicitly set out the required mental state of knowledge." The court determined that the statutory definition of attempted burglary "required a knowing entry, and therefore the indictment may be read as alleging an attempt to knowingly enter the [premises]." (*Bryant*, 113 Ill. 2d at 505.) The *Bryant* court therefore concluded that the defendant was entitled to an instruction on

criminal damage to property as a lesser included offense. (*Bryant*, 113 Ill. 2d at 505-06.) The court further noted that the requested instruction was proper because the evidence introduced at trial was sufficient to support a conviction for criminal damage to property. *Bryant*, 113 Ill. 2d at 506.

This same approach was employed by the appellate court in *People v. Romo* (1980), 85 Ill. App. 3d 886, to conclude that an information which expressly charged only robbery adequately alleged the elements of theft. In *Romo*, the appellate court reduced the defendant's robbery conviction to a theft conviction after concluding that there was insufficient evidence of force or a threat of force to sustain a robbery conviction. (*Romo*, 85 Ill. App. 3d at 892.) The *Romo* court found that the information sufficiently alleged the elements of the crime of theft even though it expressly charged the defendant with robbery only. The information in *Romo* stated that the defendant "by use of force and by threatening [the victim] with the imminent use of force took an amount of United States currency from the person and presence of [the victim]." (*Romo*, 85 Ill. App. 3d at 893.) The *Romo* court determined that this language adequately alleged the elements of theft, reasoning:

> "[D]ue process requires that an information adequately inform a defendant of the crime he is charged with so that he can prepare a defense and be protected against double jeopardy. We believe that the information in this case, even though it did not charge defendant with the specific intent to permanently deprive [the victim] of his property, met these demands." *Romo*, 85 Ill. App. 3d at 894.

In the instant case, we determine that the information charging Jones with armed robbery sufficiently alleged both the conduct and the mental states required for the lesser offense of theft. The conduct referred to in

the information provided the requisite foundation for both armed robbery and theft. The information charged that Jones "took property of Lizzie [*sic*] Harden \*\*\* and property of Barbara Clark." That conduct, combined with the additional allegations of the threat of force and the use of a weapon, set out the conduct elements of armed robbery. (Ill. Rev. Stat. 1987, ch. 38, par. 18—2.) That same conduct, *minus* the threat of force and the use of a weapon, established the conduct elements required for the offense of theft. (Ill. Rev. Stat. 1987, ch. 38, par. 16—1.) The information clearly informed Jones that he was being charged with "[o]btain[ing] or exert[ing] unauthorized control" or "[o]btain[ing] by threat control" over the property of Harden and Clark. (Ill. Rev. Stat. 1987, ch. 38, pars. 16—1(a), (c).) Thus, the conduct elements of the offense of theft were adequately charged in the information at bar. See, *e.g., Rivers*, 194 Ill. App. 3d at 194 (the lesser offense of theft was outlined in the indictment charging robbery where the indictment stated that the defendant "by use of force and by threatening the imminent use of force took a wallet and its contents from the person and presence of Eric Clark").

Further, the information here implicitly set out the required mental states for a theft conviction. The crime of theft requires proof of two mental states. The theft statute initially requires that a person act knowingly in obtaining control over the property of another. (Ill. Rev. Stat. 1987, ch. 38, pars. 16—1(a) through (d).) Additionally, the theft statute requires that a person have the intent (or other mental state as specified in the statute) to deprive the owner permanently of the use or benefit of the property. (Ill. Rev. Stat. 1987, ch. 38, pars. 16—1(d)(1), (d)(2), (d)(3); *People v. Alexander* (1982), 93 Ill. 2d 73; *People v. Gordon* (1976), 64 Ill. 2d 166.) Both of the

required mental states were sufficiently charged in the information in this case.

The information adequately charged that Jones acted knowingly in obtaining control over Harden's and Clark's property. The statutory definition of the greater crime here, robbery, does not expressly set forth a mental state. However, the Criminal Code provides: "If the statute does not prescribe a particular mental state 'applicable to an element of an offense (other than an offense which involves absolute liability), any mental state defined in Sections 4—4, 4—5 or 4—6 is applicable." Ill. Rev. Stat. 1987, ch. 38, par. 4—3(b).

Sections 4—4 through 4—6 of the Criminal Code define the mental states of intent, knowledge and recklessness, respectively. Nothing indicates that the robbery statute creates an absolute liability offense. (See Ill. Rev. Stat. 1987, ch. 38, par. 4—9.) Therefore, either intent, knowledge or recklessness is an element of robbery even though the statutory definition of robbery does not expressly set forth a mental state. (See *People v. Gean* (1991), 143 Ill. 2d 281, 286 (the mere absence of express language describing a mental state does not lead to a conclusion that none is required).) Accordingly, where the information here alleged that Jones "took" the property of Harden and Clark, the information implicitly set forth that the taking was done with knowledge, the mental state required in the first portion of the theft statute (Ill. Rev. Stat. 1987, ch. 38, pars. 16—1(a) through (d)).

We also hold that the information implicitly set forth the second mental state required for a theft conviction, that is, the intent (or other mental state as set forth in the statute) to *permanently deprive* the victim of the property. When a robbery is committed or attempted, common sense dictates that the perpetrator either "intends to deprive the owner permanently of the use or benefit of the property; or [k]nowingly uses, conceals or

abandons the property in such manner as to deprive the owner permanently of such use or benefit; or [u]ses *** the property knowing such use *** probably will deprive the owner permanently of such use or benefit." (Ill. Rev. Stat. 1987, ch. 38, pars. 16—1(d)(1), (d)(2), (d)(3).) Therefore, the mental state required in the second portion of the theft statute was implicitly set forth in the information charging Jones with armed robbery. (See *Romo*, 85 Ill. App. 3d at 894 ("Since the intent [to permanently deprive the wronged party of the property] is logically presumed in the charge of robbery, defendant had sufficient information with which to present his defense"); *People v. Beck* (1976), 42 Ill. App. 3d 923, 924 ("It would be contrary to experience and reason to conclude a stranger would *** take money from another stranger without fully intending to permanently deprive the wronged party of the money").) Jones clearly was not unfairly surprised or unfairly taken advantage of when he was convicted of theft rather than armed robbery. Therefore, we hold that the information in this case adequately charged Jones with the offense of theft as a lesser included offense of the greater crime of armed robbery.

Furthermore, Jones' conviction on the theft charge was sufficiently supported by the evidence introduced at trial. The evidence established that Jones took unauthorized control over Harden's automobile and Clark's purse. The evidence further proved that Jones acted with the mental states required for a theft conviction. Here, Jones approached Clark and Harden, who were strangers to him, on a public street where they were attempting to move a disabled car with another car. Jones took a purse belonging to Clark and fled in the operable car, which belonged to Harden. He did not receive permission to take the property from either woman. The next day, Jones was apprehended after running the car into a dumpster and attempting to flee the scene on foot. The

purse was found in the car. Clearly, the evidence established that Jones acted with the requisite mental states. He obviously acted knowingly in taking the property and was not planning to return the property to its rightful owners. Thus, Jones' commission of the offense of theft was proved beyond a reasonable doubt.

According to Jones, this court's decisions in *People v. Banks* (1979), 75 Ill. 2d 383, and *People v. McCarty* (1983), 94 Ill. 2d 28, require a finding that theft is not a lesser included offense of robbery. However, neither *Banks* nor *McCarty* mandate that result. In *Banks*, the defendant was charged with robbery. The trial court granted the defendant's motion to dismiss, finding that the indictment failed to allege that the defendant intended to permanently deprive the victim of the use or benefit of the property. The defendant in *Banks* planned to introduce evidence at trial of his intention to return to the victim the property that he took in exchange for credit cards that the victim allegedly took from the defendant.

This court found that the length of deprivation of the property was not pertinent to the offense of robbery, and therefore specific intent to permanently deprive the victim of his or her property was not an essential element of robbery. Thus, this court found that the indictment in *Banks*, which alleged that the defendant committed robbery "in that [he] did take property, being two (2) rings *** by the use of force," was sufficient and that the robbery charges against the defendants should not have been dismissed.

Jones' reliance on *Banks* is misplaced. *Banks* stands only for the proposition that robbery is properly charged even where the perpetrator intends to return the property taken from the victim. *Banks* did not deal with the issue of whether theft is a lesser included offense of robbery. In determining that issue, we have focused, as the

court did in *Bryant*, on the charging instrument. As noted earlier in this opinion, the information in this case sufficiently informed Jones that he allegedly acted with the intent or other mental state as specified in the theft statute to deprive the owner permanently of the use or benefit of the property. (See Ill. Rev. Stat. 1987, ch. 38, pars. 16—1(d)(1), (d)(2), (d)(3).) Common sense dictates that the facts of *Banks* are highly unusual and that in most robberies permanent deprivation is intended, that the perpetrator knowingly made use of the property in such a way as to deprive the owner permanently of the use of the property or the perpetrator knew that permanent deprivation would be the result. Ill. Rev. Stat. 1987, ch. 38, pars. 16—1(d)(1), (d)(2), (d)(3).

Moreover, *Banks* supports the approach that we have taken in this case. In finding that the indictment in that case sufficiently set forth the crime of robbery, the court stated, in reference to the language of the indictment, "It would be contrary to reason and experience to assume that, first, the defendant was not informed of the precise charge against him and, second, that the intent to deprive a person of his or her property could not be inferred from the language employed." (*Banks*, 75 Ill. 2d at 393.) Thus, in *Banks*, the court found that a charging instrument need not *expressly* allege all of the elements of the crime for which the defendant is convicted. Rather, as found in *Banks*, a charging instrument may be sufficient if the elements of the crime can be inferred from the language of the charging instrument. In the case at bar, we focus on the information and find that the essential elements of theft can be inferred from the language of that charging instrument.

Jones also cites *People v. McCarty* (1983), 94 Ill. 2d 28, in support of his argument that theft is not a lesser included offense of armed robbery. However, *McCarty* is distinguishable from the case at bar. In *McCarty*, the

defendant was charged with felony theft for stealing an automobile battery. The theft of the battery ordinarily would have been a misdemeanor; however, the charge was enhanced to a felony because of the defendant's prior conviction for armed robbery. The enhancement provision of the theft statute provided for enhancement if there was a prior conviction for "any type of theft." Ill. Rev. Stat. 1977, ch. 38, par. 16—1(e)(1).

On appeal, the defendant contended that robbery was not a "type of theft" that could be used to enhance a misdemeanor theft to a felony theft. This court agreed and stated in support of its holding that "[t]heft is not generally viewed as a lesser included offense of robbery in this State." (*McCarty*, 94 Ill. 2d at 35.) However, that statement in *McCarty* was merely *dicta*. The issue in *McCarty* was solely whether robbery was a type of theft for purposes of the enhancement provision at issue. This court answered in the negative and relied upon statutory construction and legislative history to reach that conclusion. (*McCarty*, 94 Ill. 2d at 32-34.) Therefore, Jones' reliance upon *McCarty* is misplaced.

For the above reasons, the appellate court's judgment vacating the defendant's theft conviction is reversed. The circuit court's judgment is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*