THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
VICTOR RUSSELL, Defendant-Appellant.

Second District   No. 2—90—0752

Opinion filed September 23, 1992.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate De-
fender's Office, of Elgin, for appellant.

Gary V. Johnson, State's Attorney, of Geneva (William L. Browers and Mary Beth Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DOYLE delivered the opinion of the court:

Defendant, Victor Russell, was indicted in the circuit court of Kane County on four counts of aggravated criminal sexual assault (Ill. Rev. Stat. 1989, ch. 38, pars. 12—14(a)(2), (a)(3)) and one count of home invasion (Ill. Rev. Stat. 1989, ch. 38, par. 12—11(a)(2)). Following a jury trial, defendant was found guilty of two counts of aggravated criminal sexual assault and not guilty of home invasion, and the court entered judgment thereon. The trial court subsequently vacated the judgment on one count of aggravated criminal sexual assault and sentenced defendant to a 10-year term of imprisonment.

Defendant raises the following issue on appeal: whether the trial court erred in refusing to instruct the jury on the offense of aggravated battery.

We will briefly set forth only those facts necessary to our disposition of this issue. Defendant was indicted on four counts of aggravated criminal sexual assault against J.M. J.M. testified that she and defendant entered the basement living area of her parents' home at about 12 midnight on August 24, 1989. According to J.M., defendant grabbed her hair, struck her numerous times in the face, head and ears and threw her against a wall. He then engaged in several forcible sexual acts including placing his penis in her mouth and vagina. During one of the incidents, he bit her twice on the leg. J.M. and defendant were friends but had never engaged in any sexual conduct with each other prior to this occurrence.

After sexually assaulting her, defendant pushed J.M. into her bedroom and began going through things in her room. At one point, she reached for her passport, and defendant grabbed it out of her hand, breaking her finger. Defendant then went into a rage and threw J.M. on the floor and kicked her in the ribs, the ears, the stomach and the legs. He also jumped on her back. He pulled her up by her hair and threw her on the couch in the family room. He then removed a sword from near the fireplace and threw J.M. on the floor. He cut her with the sword on the side of her ribs and on her neck and punctured her leg.

J.M. described her injuries as swollen ears filled with fluid, hand marks and cuts on her neck, bruises on her ears and neck, cuts on her side, and bruised ribs. She had a double fracture and tissue damage of

her finger. She further suffered a black eye and a swollen jaw, and the entire left side of her face was black and blue. She had torn skin and red and black coloring from the bite marks on her leg.

The physician who examined J.M. after the incident testified that she suffered an abrasion of the vaginal wall and a tear in an area at the rear of the vagina. He described those injuries as consistent with forced vaginal intercourse.

Defendant testified that after entering the basement he kissed J.M. and she hit him in the chest and told him not to kiss her. He then struck J.M. in the ear with the back of his hand. They proceeded to have sexual intercourse during which J.M. said no several times. Because of his previous consumption of alcohol, he could not remember if he struck any further blows. He remembered biting J.M. on the leg but could not recall having oral sex with her. He did not believe he had forced J.M. to have sex with him. Defendant acknowledged that some of what J.M. testified to could have happened but he did not remember. He testified that he and J.M. had a long-standing intimate relationship and that they had engaged in sexual relations on numerous occasions.

Defendant submitted instructions defining battery and aggravated battery and an issues instruction for aggravated battery. The trial court refused to give these proposed instructions to the jury. Defendant was found guilty of aggravated criminal sexual assault, and, following the denial of his post-trial motion, he filed this timely appeal.

On appeal, defendant contends that he was entitled to an instruction on aggravated battery because the evidence supported such a verdict and the State had charged some of the elements of that offense. He further argues that the jury should have been instructed concerning aggravated battery pursuant to *People v. Bryant* (1986), 113 Ill. 2d 497. Finally, he asks that we reverse our earlier decision in *People v. Leonard* (1988), 171 Ill. App. 3d 380, wherein we held that battery is not a lesser-included offense of aggravated criminal sexual assault.

■ In a recent decision in which a defendant was convicted of a lesser offense over his objection, our supreme court reiterated the rule set forth in *People v. Schmidt* (1988), 126 Ill. 2d 179, that an accused may be convicted of an offense not expressly included in the charging instrument if that offense is a lesser-included offense of the offense expressly charged. (*People v. Jones* (1992), 149 Ill. 2d 288, 292.) A lesser-included offense is one composed of some, but not all, of the elements of the greater offense, and which does not have any

element not included in the greater offense. *Jones*, 149 Ill. 2d at 292-93.

In deciding whether theft was a lesser-included offense of armed robbery in that case, the *Jones* court found guidance in its prior decision in *People v. Bryant* (1986), 113 Ill. 2d 497, a case in which a defendant requested at trial an instruction which would have permitted the jury to convict him of a lesser crime. In following *Bryant*, the court looked to the information charging Jones with armed robbery and concluded that the information sufficiently alleged both the conduct and the mental states required for the lesser offense of theft. (*Jones*, 149 Ill. 2d at 295-96.) The fact that the information charged Jones with taking property from the victims clearly informed him that he was being charged with obtaining or exerting unauthorized control or obtaining control by threat over the property of the victims. Thus, the conduct elements of theft were adequately charged in the information. *Jones*, 149 Ill. 2d at 295-96.

Furthermore, the *Jones* court determined that the information implicitly alleged the two required mental states of theft. (*Jones*, 149 Ill. 2d at 296.) Notwithstanding that the statutory definition of robbery does not expressly set forth a mental state, the court concluded that either intent, knowledge or recklessness is an element of robbery. (*Jones*, 149 Ill. 2d at 297.) Consequently, because the information alleged that Jones took property from the victims, the information implicitly set forth that the taking was done knowingly, the mental state required by the first portion of the theft statute. *Jones*, 149 Ill. 2d at 297.

The court further held that the information implicitly alleged the intent to permanently deprive the victims of their property, the second mental state required for a theft conviction. (*Jones*, 149 Ill. 2d at 297-98.) The court explained that when a robbery is committed common sense dictates that the perpetrator either intends to permanently deprive the owner of the use or benefit of the property or knowingly uses, conceals or abandons the property so as to deprive the owner permanently of its use or benefit. Thus, the mental state required by the second part of the theft statute was implicitly set forth. (*Jones*, 149 Ill. 2d at 297-98.) The court held that the information in that case adequately charged Jones with the offense of theft as a lesser-included offense of armed robbery. *Jones*, 149 Ill. 2d at 297-98.

Pursuant to *Jones*, which expressly relied on *Bryant*, we are compelled to examine the charging instrument in this case to determine whether aggravated battery was a lesser-included offense of aggravated criminal sexual assault, that is, whether aggravated battery is

composed of some, but not all, of the elements of the greater offense, and that it does not have any element not included in aggravated criminal sexual assault. The second amended indictment in this case alleged that

"the defendant, knowingly committed a criminal sexual assault, in violation of Illinois Revised Statutes, Chapter 38, Section 12—13(a)(1), against [J.M.], in that by use of force the defendant placed his penis in the vagina of [J.M.] and during the commission of this offense caused bodily harm to [J.M.], by hitting [J.M.] in the face and/or head with his fist, and/or fracturing a finger of [J.M.], and/or cutting her on parts of her body with a sword."

Defendant contends that aggravated battery is a lesser-included offense of aggravated criminal sexual assault as charged here because the "gravamen of [aggravated battery] is great bodily harm." He cites to section 12—4(a) of the Criminal Code of 1961, which provides that "[a] person who, in committing a battery, intentionally or knowingly causes great bodily harm, or personal disability or disfigurement commits aggravated battery." Ill. Rev. Stat. 1989, ch. 38, par. 12—4(a).

■ It appears that the evidence as it emerged at trial would have supported a conviction of aggravated battery. Following the procedure enunciated in *Jones*, however, our analysis must initially focus upon the indictment to determine whether all of the elements of that offense are expressly or impliedly contained within the language charging aggravated criminal sexual assault. Specific intent or knowledge is a requisite element of aggravated battery (*People v. Crosser* (1983), 117 Ill. App. 3d 24, 27), while aggravated criminal sexual assault is a general intent crime which does not require proof of specific intent (*People v. Leonard* (1988), 171 Ill. App. 3d 380, 390). If bodily harm to the victim is caused during the course of the sexual assault, it is unnecessary for the State to prove that it was inflicted knowingly or intentionally. An inadvertent or accidental infliction of simple bodily harm will nonetheless subject the assailant to conviction of aggravated criminal sexual assault.

The indictment in the present case clearly contains allegations of bodily injury to the victim. It accuses the defendant of causing bodily harm by hitting the victim in the "face and/or head with his fist, and/or fracturing [her] finger, and/or cutting her on parts of her body with a sword." It is apparent that the indictment does not expressly charge the defendant with specifically intending to inflict great bodily harm.

■ A more difficult question, however, is whether, considered as a whole, the indictment may reasonably be read as implying such intent. Because the State has elected to charge these allegations of violence in the alternative, and because neither allegation of hitting the victim and/or fracturing her finger is sufficiently explicit to imply necessarily a specific intent to inflict great bodily harm, we are unable to conclude that such an intent has been charged by either of those allegations. Although the allegation of striking the adult victim in the face or head with a fist might reasonably be read as implying an intent to cause bodily harm, it does not follow that a specific intent to inflict *great* bodily harm must also be implied. It is the latter specific intent which is an element of the type of aggravated battery relied upon by defendant in his argument. (See Ill. Rev. Stat. 1989, ch. 38, par. 12—4(a).) Similarly, the allegation of fracturing the victim's finger does not implicitly charge an intention to accomplish that result. Notably, the victim's testimony establishes that the fractured finger was a consequence of defendant's grabbing her passport from her hand. In our view, this testimony is insufficient to prove that defendant knowingly or intentionally fractured the finger. A jury instruction on a lesser-included offense implicit in the language of the charging instrument is not to be given unless supported by an evidentiary basis. *Jones,* 149 Ill. 2d at 297-98; *Bryant,* 113 Ill. 2d at 506.

Whether or not we interpret the allegation that the victim was cut with a sword as implying that defendant did so with intent to inflict great bodily harm, we hold that this conduct did not provide a basis for the trial court to give a lesser-included offense instruction. Although we are to focus initially upon the language of the charging instrument, we must also examine the trial evidence to determine whether facts exist to support the theory of the proposed lesser-included offense. (*Bryant,* 113 Ill. 2d at 506-07.) A defendant is not entitled to instructions on other uncharged offenses which may be incidentally disclosed by the evidence but which are not lesser-included offenses of the crime expressly charged. (*Jones,* 149 Ill. 2d at 292.) In the present case the trial court would have been authorized to give an aggravated battery instruction relating to the sword incident only if that incident were shown by the evidence to have occurred "during the commission of the offense [of aggravated criminal sexual assault]" as expressly charged in the indictment. However, it is evident from the victim's testimony that this incident did not occur during the commission of the sexual assault. It is an offense which is said to have happened separately following the sexual assault and after defendant pushed the victim into another room and began rummaging through

her possessions. Had defendant been charged with aggravated battery for the sword incident, its prosecution undoubtedly might have been joined with the aggravated criminal sexual assault prosecution; however, it cannot be said that the evidence in support of the sword aggravated battery would have served to establish any element of the previously occurring aggravated criminal sexual assault. Accordingly, the trial court correctly denied defendant's request for an instruction on aggravated battery as related to the sword incident because the evidence failed to establish any connection between that incident and the expressly charged crime of aggravated criminal sexual assault.

Our reading of the *Jones* and *Bryant* opinions indicates that the courts in those cases were presented with a logical basis for inferring the requisite mental states of the lesser-included offenses from the language of the charging instruments. It is our view that by straining to infer an uncharged specific intent from the allegations of the present indictment we would be unduly expanding and blurring the principles enunciated in those decisions. We conclude, therefore, that aggravated battery is not a lesser-included offense of aggravated criminal sexual assault as charged in this case. Accordingly, defendant was not entitled to an instruction on aggravated battery.

For the foregoing reasons, we affirm the judgment of the circuit court of Kane County.

Affirmed.

BOWMAN and NICKELS, JJ., concur.