UNITED STATES of America ex rel.
Jefferson COLEMAN, Petitioner,

v.

Thomas PAGE, Respondent.

No. 94 C 7602.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 27, 1995.

See also 203 Ill.App.3d 83, 148 Ill.Dec. 394, 560 N.E.2d 991.

Jefferson Coleman, Menard, Illinois, pro se.

Steven R. Splitt, Illinois Attorney General's Office, Arleen C. Anderson, Attorney General's Office, Chicago, Illinois, for U.S.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Now before the court is petitioner Jefferson Coleman's ("petitioner") petition for a writ of habeas corpus; petitioner's motion for appointment of counsel; respondent Thomas

Page's ("respondent") motion for leave to interpose *Teague* bar; and petitioner's motion to strike respondent's motion to interpose *Teague* bar. For the reasons set forth below, the court denies the petition and all motions.

## I. BACKGROUND

The facts underlying petitioner's conviction are those set out in the opinion of the appellate court on direct review, *People v. Coleman*, 203 Ill.App.3d 83, 148 Ill.Dec. 394, 560 N.E.2d 991 (1st Dist.1990), and will not be repeated here. The convoluted procedural history of this case warrants addressing, however. On October 7, 1987, a jury convicted petitioner of two counts of armed robbery, one count of residential burglary, and two counts of unlawful restraint. After merging the convictions for armed robbery and unlawful restraint, the trial court sentenced petitioner to concurrent prison terms of 60 years for armed robbery and 15 years for residential burglary.

Petitioner filed a direct appeal in the Illinois Appellate Court, raising seven issues: (1) he was not proven guilty of residential burglary; (2) reversible error occurred when the trial judge sustained objections to certain questions at the hearing on petitioner's motion to suppress identifications; (3) the victims' identification of petitioner was unreliable; (4) petitioner was denied effective assistance of counsel at his sentencing and on his motion for a new trial; (5) the trial court erred when it failed to instruct the jury on the mental state required for armed robbery; (6) the trial judge abused his discretion by failing to hold a hearing on whether petitioner's trial counsel could represent him effectively, to appoint substitute counsel, and to grant a continuance; and (7) petitioner was denied his statutory right to a speedy trial. *See id.*

While this appeal was pending, petitioner filed his first post-conviction petition in the trial court. In this petition, petitioner alleged that he received ineffective assistance of counsel and was denied his right to a speedy trial. The trial court dismissed the petition as frivolous on January 9, 1989. Pe-

titioner did not appeal this decision. (Respondent's Answer Ex. F at 4.)

On September 7, 1990, the Illinois Appellate Court affirmed petitioner's convictions and sentence in *People v. Coleman*, 203 Ill. App.3d 83, 148 Ill.Dec. 394, 560 N.E.2d 991 (1st Dist.1990). Petitioner filed a petition for leave to appeal to the Illinois Supreme Court. The sole issue raised by petitioner in his petition to the supreme court was that the appellate court erred in ruling that the trial court properly refused to hold a hearing on whether substitute counsel should have been appointed and to grant a continuance to petitioner's new counsel. On February 6, 1991, the Illinois Supreme Court denied the petition for leave to appeal. (Respondent's Answer Ex. D.)

In April 1991, petitioner filed a second petition for post-conviction relief, alleging that he was denied effective assistance of counsel because of a conflict of interest between him and his trial counsel, Donna Foley, and because of a conflict of interest between him, Foley, and Foley's supervisor and additional trial counsel, Edward Ptacek; and that he was not proven guilty beyond a reasonable doubt of armed robbery. (Respondent's Answer Ex. E.) The trial court dismissed the petition. Petitioner appealed, and the appellate court affirmed the dismissal in June 1993. (Respondent's Answer Ex. F.)

In October 1991, petitioner filed in the appellate court a "motion requesting permission to file petition for relief from judgment of September 7, 1990." This motion, which presumably was petitioner's attempt to appeal from the appellate court's opinion affirming petitioner's conviction, raised petitioner's claim that the trial court was required to instruct the jury on the mental state required for armed robbery. (Respondent's Answer Ex. B.) The appellate court denied petitioner's request. (Respondent's Answer at 2.)

In March 1992, petitioner filed a motion for leave to file a late petition for leave to appeal in the Illinois Supreme Court. In this motion, petitioner alleged that the appellate court erred in not holding that the trial court erred in not giving an instruction on the

mental state required to commit armed robbery. (Respondent's Answer Ex. C.) The supreme court denied petitioner's motion in June 1992. (Respondent's Answer at 2.)

Petitioner filed a third post-conviction petition, claiming that he was denied equal protection when the trial judge imposed an extended term sentence without statutory jurisdiction. (Pet. at 7.) The trial court dismissed the petition, and petitioner appealed. The appellate court affirmed the circuit court's dismissal on January 20, 1995. (Respondent's Answer, Ex. G.) Petitioner did not seek further review of this decision.

Petitioner filed the instant petition for a writ of habeas corpus on December 20, 1994, with an amendment filed May 16, 1995. Petitioner asks this court for relief based on four grounds: (1) the Illinois Appellate Court denied petitioner due process and equal protection when it held that the jury was not required to have been instructed on a mental state for his armed robbery offense; (2) petitioner was denied his right to effective assistance of counsel because a conflict of interest existed between him and his trial counsel; (3) petitioner's rights were violated because the trial court failed to hold a hearing to determine whether to appoint substitute counsel and failed to grant a continuance; and (4) petitioner was denied equal protection of the laws of Illinois because he was improperly given an extended sentence under Illinois law. Petitioner has exhausted his state remedies and properly petitions this court for a writ of habeas corpus. *See* 28 U.S.C. § 2254(b).

## II. DISCUSSION

### A. Motion for appointment of counsel

 In addition to his petition for writ of habeas corpus, petitioner also moves for appointment of counsel. Counsel is to be appointed in a habeas corpus proceeding if an evidentiary hearing is required or if the interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts; 18 U.S.C. § 3006A(a)(2)(B). The court finds that counsel need not be appointed in the present case. The court finds it unnecessary to hold an evidentiary hearing. Further, while petitioner is a *pro se* petitioner, he has presented the court with coherent and intelligible bases for his petition, including relevant law and facts, and the court is able to decide his petition based on the information he has provided. Thus, the interests of justice do not require appointment of counsel.

Accordingly, the court denies petitioner's motion for appointment of counsel.

### B. Procedural default

 "State courts must have a fair opportunity to consider constitutional objections to state criminal convictions before a federal court assumes the intrusive power to nullify those convictions on constitutional grounds." *Nutall v. Greer,* 764 F.2d 462, 463 (7th Cir.1985). Thus, before a federal court can consider a petition for a writ of habeas corpus, it must ask whether the petitioner raised all of his claims in state court. *United States ex rel. Nelson v. Godinez,* 1994 WL 376858 No. 91 C 4244, 1994 U.S.Dist. LEXIS 9755, at *5 (N.D.Ill. July 14, 1994). If petitioner has not, he has procedurally defaulted these claims. *See id.*

 Federal courts will not consider a claim raised in a habeas corpus petition that has been procedurally defaulted in state court. *See Coleman v. Thompson,* 501 U.S. 722, 732, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991). Thus, a petitioner forfeits the right to raise an issue that he failed to raise on direct appeal, *Farrell v. Lane,* 939 F.2d 409, 411 (7th Cir.1991), *cert. denied, Farrell v. McGinnis,* 502 U.S. 944, 112 S.Ct. 387, 116 L.Ed.2d 337 (1991), or on appeal to the state's highest court. *Nutall,* 764 F.2d at 464, 465. Moreover, once a petitioner files a post-conviction petition raising claims not yet heard by all of the state's courts, the petitioner must take those claims to the state's highest court. *Jones v. Washington,* 15 F.3d 671, 675 (7th Cir.1994), *cert. denied,* —— U.S. ——, 114 S.Ct. 2753, 129 L.Ed.2d 870 (1994); *Farrell,* 939 F.2d at 411; *Morrison v. Duckworth,* 898 F.2d 1298, 1299–1300 (7th Cir. 1990).

Respondent contends that petitioner has procedurally defaulted each of the claims

raised in his habeas corpus petition. Because this case involves multiple appeals and post-conviction petitions with different claims raised in each, the court will address each habeas corpus claim individually.

### 1. Mental state required for armed robbery

■ Petitioner first raised this claim on direct appeal to the Illinois Appellate Court, but did not raise it in his petition for leave to appeal to the Illinois Supreme Court. However, petitioner apparently believes that his second "appeal" to the appellate court (actually his "motion requesting permission to file petition for relief from judgment of September 7, 1990") and his ensuing motion for leave to file a late petition for leave to appeal to the supreme court, both in which he raises his mental state claim, constitute presenting the claim to the state's highest court. The court disagrees.

■ Petitioner had his opportunity to take a direct appeal to the appellate court and to petition for leave to appeal to the supreme court. He took advantage of both opportunities. *Res judicata* operates to bar petitioner from raising, in a second attempt at appeal, any claims that he could have raised but failed to raise in his first attempt at appeal. *See Finley v. Crossley*, 414 Ill. 105, 110 N.E.2d 255 (1953) (holding that "[w]here litigation is prosecuted to an appellate tribunal and questions of law are decided, all questions relating to the same subject matter [that] were open to consideration and could have been presented are *res judicata*"); *Moore v. Pollution Control Board*, 203 Ill. App.3d 855, 863, 148 Ill.Dec. 864, 869–70, 561 N.E.2d 170, 175–76 (5th Dist.1990) (same). Because petitioner could have raised his mental state claim in his first petition for leave to appeal, and did raise it on direct appeal, *res judicata* barred petitioner from raising the same claim in subsequent attempts at appeal.

Furthermore, the court cannot assume, as petitioner would like it to do, that the supreme court had notice of the claims petitioner raised in his motion for leave to file a late petition for leave to appeal. There is no indication that the supreme court did anything more than summarily deny petitioner's motion, which was filed more than two years after petitioner's conviction and long after petitioner already had his shot at appeal to the supreme court. Moreover, by denying petitioner's motion, the supreme court did not allow petitioner to file another petition for leave to appeal. Logic dictates that the court would not have examined the merits of a petition for leave to appeal that was not filed.

Therefore, the court finds that petitioner has procedurally defaulted his claim that the appellate court deprived him of due process and equal protection by holding that the trial court was not required to instruct the jury on the required mental state for armed robbery.

### 2. Ineffective assistance of counsel

■ Petitioner raised ineffective assistance of counsel claims on direct appeal and in his petition for leave to appeal to the supreme court. However, the substance of his current claim on habeas review is different from his claims on direct appeal and in his petition for leave to appeal to the supreme court.

In his petition to this court, petitioner alleges that when his trial counsel, Foley, requested to withdraw from the case, she did so through her supervisor, Ptacek, who presented the motion to withdraw to the court. According to petitioner, in presenting Foley's motion, Ptacek was acting as counsel for petitioner. Therefore, Ptacek's dual representation of Foley, as her supervisor, and petitioner, as his counsel, constituted a conflict of interest on the part of Ptacek.

On direct appeal, petitioner claimed that he was denied effective assistance of counsel at his sentencing and on his motion for a new trial. Neither Foley nor Ptacek was involved in either the sentencing or post-trial motion. Petitioner also argued on direct appeal that the trial judge abused his discretion in failing to hold a hearing on whether petitioner's counsel could represent him effectively or should be replaced, and in failing to grant a continuance. In his petition for leave to appeal to the supreme court, petitioner's claim focused solely on the appellate court's

ruling that the trial court did not err in failing to hold a hearing to determine whether to appoint substitute counsel and in failing to allow a continuance to permit new counsel to represent petitioner. Neither of these claims alleges a conflict of interest on the part of Ptacek, which is the basis of petitioner's ineffective assistance claim in this court.

In his second post-conviction petition, however, petitioner raised essentially the same ineffective assistance claim as he raises in this court. Petitioner appealed the trial court's decision dismissing the post-conviction petition to the appellate court, but did not seek review by the supreme court. Thus, the state's highest court did not have the opportunity to address this particular claim of petitioner.

Because petitioner has not presented to all of the Illinois courts his claim that Ptacek unconstitutionally dually represented petitioner and Foley, he cannot raise that claim in this court.

### 3. Hearing on substitute counsel and continuance

In this court as well as in the Illinois appellate and supreme courts, petitioner has argued essentially that the trial court erred in failing to hold a hearing on whether petitioner's counsel could continue to represent him effectively or whether substitute counsel should be appointed, and in failing to grant a continuance to allow Ptacek, acting as co-counsel, to prepare for trial. Therefore, this claim is not procedurally barred, and the court will consider it on its merits in section D, below.

### 4. Extended sentence

In this court, petitioner contends that he was improperly sentenced to an extended sentence for armed robbery based on another felony conviction that occurred more than ten years prior to his 1987 conviction for armed robbery. Petitioner did not raise this claim on direct appeal or in his petition for leave to appeal to the supreme court. However, petitioner raised this claim in his third post-conviction petition to the trial court. The trial court dismissed petitioner's third post-conviction petition, and petitioner ap-

pealed. The appellate court affirmed the dismissal, and petitioner did not seek review in the supreme court.

Because petitioner did not take his improper extended sentence claim to the state's highest court, he has procedurally defaulted the claim.

### C. Overcoming procedural default

A petitioner can overcome the effects of procedural default by showing cause for the default, as well as actual prejudice from it. *Wainwright v. Sykes,* 433 U.S. 72, 84, 87, 97 S.Ct. 2497, 2504, 2506, 53 L.Ed.2d 594 (1977); *Murray v. Carrier,* 477 U.S. 478, 492, 106 S.Ct. 2639, 2647, 91 L.Ed.2d 397 (1986). To show "cause," a petitioner must show that some objective factor external to the defense impeded counsel's efforts to comply with a procedural rule or prevented counsel from constructing or raising a claim. *Carrier,* 477 U.S. at 488, 492, 106 S.Ct. at 2645, 2647. "Prejudice" means that a reasonable probability exists that if the petitioner had appealed or otherwise had not defaulted, he would have won. *Belford v. United States,* 975 F.2d 310, 314 (7th Cir. 1992). In the absence of a showing of cause, prejudice need not be determined. *See MacDougall v. McCaughtry,* 951 F.2d 822, 825 (7th Cir.1992).

Even if a petitioner cannot show cause for his procedural default, a federal court may grant a writ of habeas corpus in the "extraordinary case" where a fundamental "miscarriage of justice" has resulted in an unjust incarceration. *Carrier,* 477 U.S. at 495–96, 106 S.Ct. at 2649. In such a case, the petitioner must show that a constitutional violation probably has resulted in the conviction of an innocent person. *Id.*

Petitioner has not argued that some objective factor prevented him from raising his claims in state court. His only explanations for not raising some claims on appeal is that he did not know how to appeal, and that his appellate defender chose to raise only his strongest claim in the petition for leave to appeal to the supreme court. Neither of these is a factor external to the defense that prevented the appellate defender or petition-

er from raising claims in state court. Because petitioner has not shown cause for his defaults, the court need not address whether he was prejudiced by any defaults.

Moreover, this is not the type of "extraordinary case" where a fundamental "miscarriage of justice" has resulted in an unjust incarceration. *See Carrier*, 477 U.S. at 495–96, 106 S.Ct. at 2649. Petitioner has not shown that a constitutional violation probably has resulted in the conviction of an innocent person, *see id.*, nor could he. The evidence at trial, as reflected in the appellate court's opinion, *see Coleman*, 203 Ill.App.3d at 86–93, 148 Ill.Dec. at 397–398, 560 N.E.2d at 994–998, was more than sufficient to support petitioner's conviction. Thus, no miscarriage of justice occurred in this case that would excuse petitioner's procedural defaults.

Accordingly, the court finds that petitioner has procedurally defaulted, without exception, his claims that the Illinois Appellate Court denied him due process and equal protection when it held that the trial court was not required to instruct the jury on mental state; that he was denied his right to effective assistance of counsel due to a conflict of interest between him and his trial counsel; and that he was denied equal protection of law when he was improperly given an extended sentence. The court will not consider the merits of these claims.

However, the court will address, on its merits, petitioner's claim regarding the trial court's failure to hold a hearing to determine whether to appoint substitute trial counsel and failure to grant a continuance, since this is petitioner's one claim that is not a casualty of procedural default.

### D. *Trial court's failure to hold hearing on substitute counsel and to grant a continuance*

■ Petitioner claims that the trial court erred in failing to hold a hearing on whether to appoint substitute counsel after petitioner's counsel, Foley, requested to withdraw as his counsel, and in failing to allow a continuance to allow Foley's supervisor and new co-counsel, Ptacek, to prepare for trial. Petitioner does not present this claim in terms of a violation of the Constitution, laws, or trea-

ties of the United States, which he must do for habeas relief. *See* 28 U.S.C. § 2241(c)(3); *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991). However, it appears that the crux of his claim is that the trial court allowed a conflict between petitioner and his counsel to go unremedied and refused to allow new counsel to become acquainted with the case before trial, and thus prevented petitioner from receiving effective assistance of counsel at trial. Thus, the court will give petitioner the benefit of the doubt and read his claim as alleging a violation of his Sixth Amendment right to counsel.

■ A petitioner raising the claim of ineffective assistance of counsel must show that counsel's performance was so deficient that counsel "was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The petitioner also must show that counsel's performance prejudiced the defense; that is, but for counsel's performance, the result of the proceeding probably would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. Based on the facts before this court, the court finds that the trial court's rulings on substitution of counsel and a continuance did not deprive petitioner of the counsel guaranteed by the Sixth Amendment or prejudice the defense of petitioner's case.

■ Conflicts between a client and his attorney "justify substitution of appointed counsel only when 'counsel and defendant are so at odds as to prevent presentation of an adequate defense.'" *Bae v. Peters*, 950 F.2d 469, 477 (7th Cir.1991) (quoting *United States v. Morrison*, 946 F.2d 484, 498 (7th Cir.1991), *cert. denied, Anderson v. United States*, —— U.S. ——, 113 S.Ct. 826, 121 L.Ed.2d 696 (1992) (quotation omitted)). Moreover, even if the trial court errs in denying a motion to substitute counsel based on conflict between attorney and client, the error is harmless unless the attorney's performance after the motion was denied was constitutionally ineffective. *See Bae*, 950 F.2d at 477.

Petitioner has not contended or provided any facts to support that his trial counsel failed to provide an adequate defense. To the contrary, the appellate court's description of petitioner's trial and of the performance of petitioner's trial counsel shows that petitioner received a more than adequate defense. On October 2, 1987, the day petitioner's trial was set to begin after five continuances, Ptacek advised the court that Foley wanted to withdraw from the case because of a "personality clash with petitioner." *Coleman*, 203 Ill.App.3d at 98, 148 Ill.Dec. at 405, 560 N.E.2d at 1002. Ptacek asked to be allowed to take over the defense; he stated that though petitioner had "some reservations" about Foley's representation, petitioner did not object to Ptacek's representation. *Id.* Ptacek also requested a continuance to become familiar with the case. *Id.* The trial court denied Foley's request to withdraw, allowed Ptacek to act as additional counsel, and denied Ptacek's request for a continuance. *Id.* The trial court stated:

All right, this case has been set with subpoenas for the last six times, since July.... As far as I'm concerned, the State has witnesses here. ... We are going to proceed with the motion [to suppress identification].... I am sorry, but I am not going to allow a defendant, in effect, to frustrate the wheels of justice ... because they grind them very slowly in this case, back as far as June.

*Id.*

At a post-trial hearing, petitioner testified that he did not like Foley because " 'they could never see eye to eye on the case at all, and she wanted to proceed in a different manner.' " Ptacek testified at the post-trial hearing that it was brought to his attention that petitioner was having problems with Foley's representation, and that he came into the trial to assist Foley. *Coleman*, 203 Ill. App.3d at 95, 148 Ill.Dec. at 403, 560 N.E.2d at 1000. Ptacek said that the relationship between petitioner and Foley was " 'strained,' " and that defendant had made some threats against Foley that caused her to express concern about her representation of defendant. *Id.*

The appellate court noted that Foley argued the motion to suppress, presented the opening argument, and cross-examined one witness. *Coleman*, 203 Ill.App.3d at 101, 148 Ill.Dec. at 406, 560 N.E.2d at 1003. Ptacek cross-examined five of the six state witnesses, raised appropriate objections, argued jury instructions, and presented a "more than adequate" closing argument. *Id.* The appellate court also noted that, according to the record before it, Ptacek "appeared to be thoroughly prepared and conducted a vigorous defense with adequate skill." *Coleman*, 203 Ill.App.3d at 101, 148 Ill.Dec. at 407, 560 N.E.2d at 1004.

Based on the trial transcripts, the appellate court found that Foley and Ptacek "cross-examined the state's witnesses and argued as effectively as they could under the circumstances." *Coleman*, 203 Ill.App.3d at 95, 148 Ill.Dec. at 403, 560 N.E.2d at 1000. The appellate court characterized the case as "a relatively simple one, but a strong one for the state. Not only did two persons make positive identifications but the defendant had in his possession the evidence which overwhelmingly corroborated the identification— the proceeds of the robbery." *Id.*

According to the foregoing factual account of the proceedings in the trial court, the court cannot find that any conflict that existed between Foley and petitioner was so severe as to prevent petitioner from getting an adequate defense, particularly because Ptacek, of whose representation petitioner approved, played such a prominent role in the defense. To the contrary, it appears that Foley and Ptacek presented as good of a defense as they could, under the circumstances of the case. Thus, petitioner has not shown that his trial counsel's performance was so deficient because of the alleged conflict that counsel "was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *See Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. Further, he has not shown that trial counsel's performance prejudiced the defense. *See Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

Moreover, based on the facts before it, the court cannot find that the trial court's refusal to grant a continuance constituted a violation

of petitioner's constitutional rights. The trial court was in the best position to judge whether a continuance was warranted by the circumstances of the case before it. It apparently found that enough delay already had occurred in the case and that the parties were ready for trial. Most importantly, in light of the appellate court's description of Ptacek's performance at trial, it appears that petitioner was in no way prejudiced by the trial court's refusal to grant a continuance.

The court finds that the trial court's refusal to allow the substitution of counsel and to grant a continuance did not deprive petitioner of his constitutional right to effective counsel. Accordingly, the court denies petitioner's petition for a writ of habeas corpus.

### E. *Motions regarding Teague bar*

Respondent moves for leave to interpose a defense under *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Relying on *Teague,* respondent argues that petitioner should not be able to use *People v. Jones,* 149 Ill.2d 288, 172 Ill.Dec. 401, 595 N.E.2d 1071 (1992), decided five years after petitioner was convicted, as a basis for his claim that he was entitled to a jury instruction on the mental state required for armed robbery. Petitioner, in turn, moves to strike respondent's motion.

Because the court has found that petitioner has procedurally defaulted his claim that he was entitled to a jury instruction on the mental state required for armed robbery, the motions regarding a *Teague* bar are moot. Accordingly, the court denies both motions.

### III. *CONCLUSION*

For the reasons set forth above petitioner's motion for appointment of counsel is denied; petitioner's petition for a writ of habeas corpus is denied with prejudice; and respondent's motion for leave to interpose *Teague* bar and petitioner's motion to strike respondent's motion to interpose *Teague* bar are denied as moot.