FOURTH DIVISION
March 4, 2010

No. 1-08-1805

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 06 CR 27316 |
| | ) | |
| RAYVON Mc COVINS, | ) | Honorable |
| | ) | James M. Schreier |
| Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Following a jury trial, defendant Rayvon McCovins was convicted of aggravated battery with a firearm and battery. He was sentenced to concurrent terms of 8½ years and 364 days. On appeal, defendant contends his convictions should be reversed and his case remanded for a new trial because the trial court violated Supreme Court Rule 431(b) (Official Reports Advance Sheet No. 8 (April 11, 2007), R. 431(b), eff. May 1, 2007), which requires the trial court to question prospective jurors about their understanding and acceptance of the four principles provided for in the rule. The issue in the instant case is not whether a Rule 431(b) discussion occurred, but whether the inquiry satisfied Rule 431(b). For the reasons discussed herein, we affirm.

BACKGROUND

Defendant caused injury to Jasmine Powell and committed a battery against Brytnnie Smith by discharging a firearm. Powell, Brytnnie and another witness, Jasmine Smith testified

that defendant ran toward the group and fired seven to nine shots from his gun into the group. Defendant shot Powell in the leg. Brytnnie was struck in the back and found the spent bullet in her jacket three days after the shooting. All three girls knew defendant from the neighborhood and identified defendant as the shooter immediately to the police and at trial.

The jury found defendant guilty of aggravated battery with a firearm of Jasmine Powell and Brytnnie Smith. Upon posttrial motion, the court found insufficient evidence of injury or bodily harm to Brytnnie Smith and entered a conviction for the lesser included offense of simple battery. The trial court sentenced defendant to 8½ years in the Illinois Department of Corrections for aggravated battery of Jasmine Powell concurrent with 364 days for the battery of Brytnnie Smith. Defendant now appeals. There is no challenge to the sufficiency of the evidence. The only issue raised on appeal by defendant is whether the trial court violated Rule 431(b).

ANALYSIS

Defendant argues the trial court committed reversible error by "failing to afford prospective jurors an opportunity to indicate whether they understood and accepted each of the four principles of law as required by Supreme Court Rule 431(b)," the *Zehr* principles. *People v. Zehr*, 103 Ill. 2d 472 (1984). As clarified in defendant's reply brief, "the defendant has not argued that the trial court violated Rule 431(b) by not using certain terms, but that it failed by not ascertaining both the jurors understanding and acceptance, and by not questioning the jurors about each individual principle." This argument requires us to construe a supreme court rule; accordingly, our review is *de novo*. *People v. Campbell*, 224 Ill. 2d 80, 84 (2006). In considering this argument, we are mindful of the committee notes to Rule 431(b) relied upon by

defendant which explain that the rule "seeks to end the practice where the judge makes a broad statement of the applicable law followed by a general question concerning the juror's willingness to follow the law." 177 Ill. 2d R. 431(b), Committee Comments, at Lxxix. Defendant contends the trial judge engaged in that practice when conducting the *voir dire* in the instant case. This case is not about whether the Rule 431(b) principles were discussed during *voir dire,* but rather about whether the discussion substantively satisfied the requirements of Rule 431(b).

The prosecution contends defendant forfeited this issue by failing to raise it before the trial court and in his posttrial motion. To preserve an issue for review, a defendant must object at trial and in the posttrial motion. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). However, Supreme Court Rule 615(a) articulated the "plain error" rule, which delineates an exception permitting review of issues otherwise procedurally defaulted. *People v. Lewis*, 234 Ill. 2d 32, 42 (2009).

Under the plain error rule a reviewing court is allowed to consider unpreserved error when (1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). Before applying the plain error rule, we must first determine whether an error occurred. *People v. Lewis*, 234 Ill. 2d at 43. We, therefore, consider whether the trial court violated Rule 431(b) and committed error by not questioning the jurors about each individual principle and by failing to afford

3

prospective jurors an opportunity to indicate that they understood and accepted each of four principles of law.

Rule 431(b) provides as follows:

"(b) The court shall ask each potential juror, individually or in a group, whether that juror understands and accepts the following principles: (1) that the defendant is presumed innocent of the charge(s) against him or her; (2) that before a defendant can be convicted the State must prove the defendant guilty beyond a reasonable doubt; (3) that the defendant is not required to offer any evidence on his or her own behalf; and (4) that the defendant's failure to testify cannot be held against him or her; however, no inquiry of a prospective juror shall be made into the defendant's failure to testify when the defendant objects.

The court's method of inquiry shall provide each juror an opportunity to respond to specific questions concerning the principles set out in this section." Official Reports Advance Sheet No. 8 (April 11, 2007), R. 431(b), eff. May 1, 2007.

In the instant case the trial court conducted the following discussion with the potential jurors during *voir dire*:

"THE COURT: Now, Jurors, I want to go over some basic fundamental principles of American constitutional and criminal law that will guide and direct and control our trial. I read to you the counts from the indictment. The indictment is a mere formal document which is necessary to place the defendant on trial. The indictment does not constitute any proof of guilt. It does not constitute

any inference of guilt. Again, it's a mere formal document which is necessary to begin this trial.

Indeed, jurors, the defendant is presumed to be innocent of the charges against him in the indictment. This presumption of innocence is fundamental to our system. Every defendant charged with a crime in this country is presumed to be innocent thereof. The presumption of innocence rests with the defendant now. It remains with him throughout every stage of the trial and even at the close of the case during your deliberations. Presumption of innocence is not overcome unless and until the time aries when you are convinced beyond a reasonable doubt that he is guilty. That is the burden in this case, jurors, proof beyond a reasonable doubt. The burden of proof rests with the State. It never shifts to a defendant. A defendant may never be called upon to prove innocence.

\* \* \*

The defense then may or may not choose to present a case. Again, the defense has no burden. If the defense decides to present a case, they may do so in the same form and fashion that the State did. If the defendant chooses to testify, then his testimony must be judged in the same manner as any other witness. If the defendant chooses not to testify, that in no way may be considered against him. The defense will rest their case."

The trial court further explained as follows:

"THE COURT: The Judge is the judge of the law and the jury must accept

and apply the law as given to them by the Judge whether they like it or not, whether it fits into some preconceived opinion, but by their oaths the jury must accept and apply the law given to them by the Judge. The way the case is decided is for the jury to apply the law to the facts and in that way they decide the case.

* * *

Is there any juror who honestly, sincerely feels that they cannot abide by any or some or all of the principles I just talked about? Any juror who disputes it and feel that they cannot follow these constitutional principles? If so, please stand and tell me your name. Let the record show a negative response."

The trial court then questioned the prospective jurors individually. Defense counsel questioned some of the prospective jurors individually. When that process was completed, the trial court swore in the jury.

The issue is whether the above discussion satisfies Rule 431(b). The defendant contends the trial court violated Rule 431(b), in two ways, "by not ascertaining both the jurors understanding and acceptance" and " by not questioning the jurors about each individual principle." We find the plain language of the rule instructive regarding defendant's second contention. We are mindful that the committee comments to Rule 431(b), amended in 1997, noted that the rule sought "to end the practice where the judge makes a broad statement of the applicable law followed by a general question concerning the juror's willingness to follow the law." 177 Ill. 2d R. 431(b), Committee Comments, at Lxxix. However, there is no requirement under Rule 431(b) that the trial judge question the jurors about each individual principle. Rather,

1-08-1805

Rule 431(b) provides that "the court shall ask each potential juror, *individually or in a group,* whether that juror understands and accepts" the four Rule 431(b) principles. (Emphasis added.) 177 Ill. 2d R. 431(b). Based on the plain language of the rule, we reject defendant's second contention that the trial court violated Rule 431(b) by not questioning the jurors about each individual principle.

We next address whether the trial court violated Rule 431(b) by not ascertaining the jurors' understanding and acceptance of the four Rule 431(b) principles. The Constitution does not require any "magic words," but requires that the defendant be afforded an impartial jury by *voir dire* which serves to identify unqualified jurors. *Morgan v. Illinois,* 504 U.S. 719, 729, 119 L. Ed. 2d 492, 503, 112 S. Ct. 2222, 2230 (1992). In the instant case, defendant argues that the inquiry by the trial court failed to satisfy Rule 431(b) because it was inadequate to establish the jurors understanding and acceptance of the four Rule 431(b) principles.

The State relies on *People v. Vargas*, No. 1-08-0383 (November 20, 2009), which addressed the question of whether the trial court's inquiry was adequate to establish the venire's understanding of the Rule 431(b) principles. The defendant responds that the State's reliance on *Vargas* is misplaced because "*Vargas* does not touch on the type of error below in which the trial court only posed a single general question about the juror's willingness to follow the law." This oversimplifies the substance of the *voir dire* that in fact occurred in the instant case.

Here, the experienced trial court correctly and completely stated all four Rule 431(b) principles to the entire venire. The trial court specifically informed all the potential jurors that they must accept and apply the law the court would give them. The court specifically inquired as

7

to whether the potential jurors could "abide by" the principles and the jurors indicated that they could do so. That inquiry afforded the venire an opportunity to disagree with each principle.

As the *Vargas* court explained: "By seeking the venire's agreement and soliciting a promise with respect to the matter agreed to, we believe the court sufficiently ascertained whether the venire, individually and collectively, understood and accepted the principle." *Vargas*, slip op. at 10. As we have previously noted, the circuit court complies with Rule 431(b) when it admonishes the venire as to the four *Zehr* principles, and then affords the venire an opportunity to disagree with each principle. *People v. Wilmington*, 394 Ill. App. 3d 576 (2009).

In the instant case, the inquiry as to whether the jurors could "abide by" the *Zehr* principles afforded the venire an opportunity to disagree with each principle and sufficiently complied with Rule 431(b). We recognize that individual questioning is arguably the better approach and would go a long way to eliminate the question as to whether a trial judge has complied with Rule 431(b). However, based on this record we are not prepared to conclude that the *voir dire* in the instant case violated Rule 431(b) or failed to afford the defendant an impartial jury by failing to identify unqualified jurors. To find otherwise would elevate form over substance.

Compliance with Rule 431(b) continues to be raised on appeal in a large number of cases in every district of the Illinois Appellate Court. To potentially eliminate the compliance issues, we would recommend the approach discussed in the well-written article by Geoffrey Burkhart. G. Burkhart, *Voir Dire in Criminal Cases - Rule 431(b) Guidance for Lawyers & Judges*, 98 Ill. B.J. 86, 87 (February 2010). As recommended by Burkhart, trial judges should address all four

principles one at a time, ask whether the prospective jurors both *understand and accept* each of the principles and require a verbal response to that inquiry. 98 Ill. B.J. at 87 . More specifically, as suggested in the Burkhart article this can be accomplished by using the following script:

"Ladies and gentlemen, I am required to discuss with you four principles of criminal law. After I read each principle, I will ask each of you two questions: one, do you understand the principle, and two, do you accept the principle. Please respond 'yes' or 'no' to each question.

Here is the first principle: The defendant is presumed innocent of the charges against him. Juror Number 1, do you understand that principle? [Await the juror's verbal response.] Juror Number 1, do you accept that principle? [Await the juror's verbal response.] Juror Number 2, do you understand that principle? And so on." 98 Ill. B.J. at 87-88.

In the same manner the potential jurors should be asked about understanding and accepting the other three Rule 431(b) principles. Specifically, the trial judge should state, Here is the second principle: before a defendant can be convicted, the State must prove the defendant guilty beyond a reasonable doubt. Juror Number 1, do you understand that principle? (Await the juror's verbal response.) Juror Number 1, do you accept that principle? (Await the juror's verbal response). That two-step inquiry should be repeated with each of the potential jurors.

The third and fourth principle should be similarly discussed. Specifically, the trial judge should state, Here is the third principle: the defendant is not required to offer any evidence on his or her own behalf. Juror Number 1 do you understand this third principle? (Await the juror's

verbal response.) Juror Number 1, do you accept that principle? (Await the juror's verbal response.) That two-step inquiry should be repeated with each of the potential jurors.

The fourth principle should be discussed. Specifically, the trial judge should state, Here is the fourth principle: the defendant's failure to testify cannot be held against the defendant. Juror Number 1 do you understand this fourth principle? (Await the juror's verbal response.) Juror Number 1, do you accept that principle? (Await the juror's verbal response.) That two-step inquiry should be repeated with each of the potential jurors, however "no inquiry of a prospective juror shall be made into the defendant's failure to testify when the defendant objects." 177 Ill. 2d R. 431(b).

By questioning each juror about each individual Rule 431(b) principle, the above-suggested method of inquiry provides each juror an opportunity to respond to specific questions concerning the principles set out in Rule 431(b). This method of inquiry further insures that the court asks each potential juror whether that juror understands and accepts the Rule 431(b) principles. Although Rule 431(b) provides that such inquiry may be conducted "individually or in a group," the above-suggested individual method of inquiry leaves no doubt that the substance and spirit of Rule 431(b) have been satisfied.

## CONCLUSION

For the reasons previously discussed, we find no error in the *voir dire* conducted by the trial court. Accordingly, further consideration as to forfeiture or harmless error is unnecessary. In an effort to avoid continued litigation as to whether trial judges are complying with Rule 431(b), we recommend the approach suggested in the well-written and well-researched Burkhart article.

1-08-1805

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

O'MARA FROSSARD, P.J., with O'BRIEN and GALLAGHER, concurring.