Rule 23 Order filed
June 18, 2010;
Motion to publish granted
July 13, 2010

NO. 5-08-0598

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellee, | ) Madison County. |
| | ) |
| v. | ) No. 04-CF-2401 |
| | ) |
| CHADWICK WALLACE, | ) Honorable |
| | ) Charles V. Romani, Jr., |
| Defendant-Appellant. | ) Judge, presiding. |

_____

JUSTICE SPOMER delivered the opinion of the court:

On direct appeal, the defendant, Chadwick Wallace, argues that the trial court erred by failing to conduct an adequate jury *voir dire* under Supreme Court Rule 431(b) (Official Reports Advance Sheet No. 8 (April 11, 2007), R. 431(b), eff. May 1, 2007). For the following reasons, we affirm.

FACTS

The defendant was charged with the murder of Jessie Emery and the dismemberment of his body, stemming from an incident that occurred on August 28, 2004, in Madison County. During *voir dire*, the trial court brought in the 33 prospective jurors and divided them into three groups within the courtroom. Addressing the entire venire, the trial court described the following "basic concepts of criminal law": (1) the defendant is presumed innocent and this presumption remains throughout the trial until all the evidence is presented and the jury is convinced beyond a reasonable doubt that the defendant is guilty, (2) the burden is

1

on the State to prove the defendant guilty beyond a reasonable doubt, (3) the defendant does not have to prove anything or present any evidence, if he does not want to, (4) the defendant does not have to testify, and (5) if the defendant does not put on any evidence or does not testify, the jurors are not to consider that in deciding the guilt or innocence of the defendant. The trial court stated to the entire venire, "Now, that is the basic concept of criminal law that we follow in this country and that will be followed in this case."

Next, the trial court asked whether any of the venire knew anything about the case before they came to the courthouse. After doing so, the court then stated: "Okay, back up here. I–I told you what the basic concept of criminal law is, and we do have to follow that. Presumption of innocence, burden of proof, and that has to be followed." Addressing the first of the three groups, the trial court asked, "Do any of you of the first 14 have any quarrel or objection to that basic concept of criminal law?" The first group was given an opportunity to respond. When no member of the venire indicated a quarrel or objection to the foregoing principles, the court further inquired: "[I]s there anyone [*sic*] of you who thinks you cannot follow that concept of criminal law? If so, raise your hand. I would want–want you to be honest." Again, none of the potential jurors expressed any questions or reservations.

The trial court then turned to the second group: "Back here again. I explained to you the concept of criminal justice in this country which must be followed. Do any of you have any personal problems with that concept?" Again, the trial court stopped to give the jurors an opportunity to respond before continuing: "Is there anyone who feels they could not follow that concept of criminal justice? Anyone? Okay, no one." Finally, addressing the third group, the trial court said: "Over here on the right. It would be the same question. I explained to you what the concept of criminal justice

2

is. Is there anyone who has any personal problems with that concept? Is there anyone who could not follow that just for some–for whatever personal reasons or whatever you could not follow that concept? Anyone?" Once more, none of the venire made any indication of any questions or objections.

Following the trial, the defendant was convicted of murder and dismemberment; he was sentenced to 50 years for murder and 25 years for dismemberment, to be served consecutively. This timely appeal followed.

ANALYSIS

The defendant's sole issue on appeal is whether the trial court properly inquired regarding whether prospective jurors understood the principles enunciated in Illinois Supreme Court Rule 431(b). Because this issue concerns compliance with a supreme court rule, the standard of review is *de novo*. *People v. Suarez*, 224 Ill. 2d 37, 41-42 (2007). Rule 431(b) states as follows:

"The court shall ask each potential juror, individually or in a group, whether that juror understands and accepts the following principles: (1) that the defendant is presumed innocent of the charge(s) against him or her; (2) that before a defendant can be convicted the State must prove the defendant guilty beyond a reasonable doubt; (3) that the defendant is not required to offer any evidence on his or her own behalf; and (4) that the defendant's failure to testify cannot be held against him or her; however, no inquiry of a prospective juror shall be made into the defendant's failure to testify when the defendant objects.

The court's method of inquiry shall provide each juror an opportunity to respond to specific questions concerning the principles set out in this section." Official Reports Advance Sheet No. 8 (April 11, 2007), R. 431(b), eff. May 1, 2007.

In this case, the "basic concept of criminal law" laid out by the trial court to the venire reflects all four basic principles espoused in Rule 431(b): that the defendant is presumed innocent, that the defendant must be proven guilty beyond a reasonable doubt, that the defendant is not required to offer any evidence in his own behalf, and that the defendant's failure to testify in his own behalf cannot be held against him.

The defendant contends that the trial court informed prospective jurors of the Rule 431(b) principles in narrative form and failed to ask the jury for individual responses to the required questions. The 1997 committee comments to Rule 431(b) note that the purpose of the rule is "to end the practice where the judge makes a broad statement of the applicable law followed by a general question concerning the juror's willingness to follow the law." 177 Ill. 2d R. 431(b), Committee Comments, at lxxix. In order to achieve this purpose, the court "shall ask each potential juror, individually or in a group, whether that juror understands and accepts" the four Rule 431(b) principles. Official Reports Advance Sheet No. 8 (April 11, 2007), R. 431(b), eff. May 1, 2007.

In *People v. Schaefer*, 398 Ill. App. 3d 963, 967 (2010), the appellate court found that the trial court erred in not technically complying with Rule 431(b), even though the trial judge had informed the venire in narrative form of the four Rule 431(b) principles, when it did not ask prospective jurors whether they "had any problem" with all four principles. A failure to comply fully with Rule 431(b) resulted when the court merely announced the four principles as a general matter of law and did not allow the prospective jurors an opportunity to respond. *Schaefer*, 398 Ill. App. 3d at 967. However, *Schaefer* is distinguishable from the present case. Here, the trial judge properly followed his pronouncement of the four principles with a timely questioning as required by Rule 431(b); in fact, he provided distinct

4

opportunities to each group of potential jurors, allowing each potential juror "an opportunity to respond to specific questions concerning the principles set out" (Official Reports Advance Sheet No. 8 (April 11, 2007), R. 431(b), eff. May 1, 2007). Rule 431(b) does not require that the trial court ask separate questions of the jurors about each individual principle. *People v. McCovins*, 399 Ill. App. 3d 323, 327 (2010). Moreover, Rule 431(b) allows the trial court to question the venire either individually or in a group. Official Reports Advance Sheet No. 8 (April 11, 2007), R. 431(b), eff. May 1, 2007. Because the jurors in this case were questioned in three groups and given the opportunity to voice questions or objections, the trial court addressed the venire in compliance with Rule 431(b).

In *People v. Wheeler*, No. 1-08-1370, slip op. at 9 (March 31, 2010), our colleagues in the First District found that the trial judge violated Rule 431(b) when his narrative recitation to the prospective jurors of the four principles was immediately followed by a lengthy recitation of matters outside the scope of the Rule 431(b) principles, which did not allow a "timely opportunity" for the venire to respond to specific questions concerning their acceptance and understanding of the principles. Although the trial court in the present case followed its pronouncement of the Rule 431(b) principles with questions regarding whether anyone had prior knowledge about the case, we conclude that the elapsed time between the trial court's recitation of the Rule 431(b) principles and its questioning of the venire was not so egregious that it violated Rule 431(b).

Because the four principles laid out in Rule 431(b) are the same as the basic concepts of criminal law that the trial court dispatched to the venire and, moreover, because the trial judge asked each group of potential jurors whether they had any quarrel or objection with the stated concept of criminal law and gave each of the three

5

groups the opportunity to respond specifically to the principles set out in Rule 431(b), we conclude that the trial court fully complied with Rule 431(b). Accordingly, there is no need to address the questions of harmless error or plain error.

CONCLUSION

For the foregoing reasons, the order of the circuit court of Madison County is hereby affirmed in its entirety.


Affirmed.


WELCH and STEWART, JJ., concur.

NO. 5-08-0598

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 04-CF-2401 |
| | ) | |
| CHADWICK WALLACE, | ) | Honorable |
| | ) | Charles V. Romani, Jr., |
| Defendant-Appellant. | ) | Judge, presiding. |

**Rule 23 Order Filed:**      June 18, 2010
**Motion to Publish Granted:**  July 13, 2010
**Opinion Filed:**        July 13, 2010

**Justices**:      Honorable Stephen L. Spomer, J.,

Honorable Thomas M. Welch, J., and
Honorable Bruce D. Stewart, J.,
Concur

**Attorneys**      Michael J. Pelletier, State Appellate Defender, Johannah B. Weber, Deputy
**for**          Defender, Paige Clark Strawn, Assistant Appellate Defender, Office of the
**Appellant**      State Appellate Defender, 117 N. Tenth Street, Suite 300, Mt. Vernon, IL 62864

**Attorneys**      Hon. William A. Mudge, State's Attorney, Madison County Courthouse, 157 N.
**for**          Main Street, Edwardsville, IL 62025; Patrick Delfino, Director, Stephen E. Norris,
**Appellee**      Deputy Director, Sharon Shanahan, Staff Attorney, Office of the State's Attorneys
            Appellate Prosecutor, Fifth District Office, 730 E. Illinois Hwy. 15, Suite 2, P.O.
            Box 2249, Mt. Vernon, IL 62864