# Illinois Official Reports

## Appellate Court

***People v. Wooden*, 2014 IL App (1st) 130907**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOPHER WOODEN, Defendant-Appellant. |
| District & No. | First District, Fifth Division<br>Docket No. 1-13-0907 |
| Filed | August 8, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for unlawful possession of a weapon by a felon was upheld over his contentions that he was improperly convicted of a Class 2 felony rather than a Class 3 felony because the State failed to give him notice that it would seek to enhance his sentence due to his prior felony conviction and that he was subjected to an improper double enhancement by the use of his prior felony conviction as an element of the charged offense and to enhance the class of the offense, since no notice was required where defendant's prior felony of vehicular highjacking was an element of the Class 2 version of unlawful use of a weapon by a felon of which defendant was convicted, and his double enhancement argument failed for the same reason. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CR-16109; the Hon. Mary Colleen Roberts, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Samuel M. Hayman, all of
State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg,
William Toffenetti, and Michele Lavin, Assistant State's Attorneys, of
counsel), for the People.

Panel

JUSTICE McBRIDE delivered the judgment of the court, with
opinion.
Justices Palmer and Taylor concurred in the judgment and opinion.

**OPINION**

¶ 1    Following a bench trial, defendant Christopher Wooden was convicted of unlawful
possession of a weapon by a felon and sentenced to six years in prison. On appeal, defendant
contends that: (1) he was improperly convicted of unlawful possession of a weapon by a felon
as a Class 2 felony offense instead of a Class 3 offense because the State did not give him
notice that it would seek to enhance defendant's sentence based on a prior felony conviction;
and (2) he was subject to an improper double enhancement because the same prior felony
conviction was used as both an element of the offense of unlawful use or possession of a
weapon by a felon and to enhance the class of his offense. We affirm.

¶ 2    Defendant was charged by information with two counts of unlawful use or possession of a
weapon by a felon and six counts of aggravated unlawful use of a weapon. The State proceeded
to trial based on count I, unlawful use or possession of a weapon (UUW) by a felon pursuant to
section 24-1.1(a) of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/24-1.1(a) (West
2010)). The information charged that defendant committed UUW by a felon "in that he,
knowingly possessed on or about his person any firearm, to wit: a handgun, after having been
previously convicted of the felony offense of vehicular hijacking, under case number 09 CR
11681-01." An information indictment return sheet, file stamped October 6, 2011, listed the
count I UUW by a felon charge as a Class 2 felony.

¶ 3    Just before the bench trial began in September 2012, the judge informed defendant:

        "Sir, I have in my hand a copy of the charge which the State seeks to proceed on,
    and that is on or about September 19th, 2011, in Cook County, it's alleged that you,
    Christopher Wooden, committed the offense of unlawful use or possession of a weapon
    by a felon in that you knowingly possessed on or about your person any firearm, to wit
    a handgun, after having been previously convicted of vehicular hijacking under Case
    No. 09 CR 11681-01."

¶ 4    At trial, Officer Chris Savickas testified that at approximately 12:40 a.m. on September 19,
2011, he responded to a call of a person trespassing in a vehicle and proceeded to 5522 South

LaSalle Street with his partner. Upon arriving, Savickas saw that two other officers were already "at the van" and one was pulling defendant out of the van. After defendant was placed under arrest for trespassing in the vehicle, Savickas performed a custodial search of defendant, during which a .22-caliber handgun fell out of defendant's left pant leg. The weapon was uncased and loaded. Savickas also recovered a bag containing 39 bullets, a plastic baggie, a mask, and a pair of gloves during the search. Savickas testified that he held onto the recovered items until he brought them to the police station, where they were inventoried. At the station, Savickas also learned that defendant had been previously convicted of the felony offense of vehicular hijacking under case No. 09 CR 11681.

¶ 5    The State then introduced a certified copy of defendant's prior conviction for the offense of vehicular hijacking in case No. 09 CR 11681.

¶ 6    Defendant testified on his own behalf that at approximately 12:40 a.m. on September 19, 2011, he was on 59th and LaSalle Streets walking toward the "L" terminal. While he was walking through an alley, multiple police vehicles "swarmed" him and then the officers who exited their vehicles "hassled" defendant. Defendant was not in a van at the time and was not in the possession of gloves, a mask, a gun, or any bullets. The officers then threw defendant on a car and searched him. The officers told defendant that they retrieved a gun, but they did not say from where. A gun did not fall out of defendant's pants and he never saw a gun. Defendant was then taken to the police station.

¶ 7    The circuit court found defendant guilty of UUW by a felon. The court explained that it found the officer's testimony credible and defendant's testimony not credible.

¶ 8    At the sentencing hearing, the State asked for an extended term on the Class 2 felony based on defendant's background. The State noted that defendant had been on parole from a conviction for vehicular hijacking in case No. 09 CR 11681, for which he had been sentenced to four years in prison. The circuit court told defendant that he was extendable, but the court was not going to extend the sentence. The court sentenced defendant to six years in prison.

¶ 9    On appeal, defendant first contends that he was improperly sentenced under the Class 2 form of the UUW by a felon offense, because the State failed to give him notice in the charging instrument that it would enhance his sentenced based on his prior felony conviction, as required by section 111-3(c) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/111-3(c) (West 2010)). Defendant argues that, as a result, his cause must be remanded for resentencing.

¶ 10    Defendant concedes that he did not properly preserve this issue for review. See *People v. Hillier*, 237 Ill. 2d 539, 544-45 (2010) (to preserve a claim of sentencing error, a defendant must both contemporaneously object and file a written postsentencing motion raising the issue). Defendant asks that we review the issue as plain error. The plain error doctrine is a limited and narrow exception to the general forfeiture rule. *Id*. at 545. To obtain relief under the doctrine, a defendant must first show that a clear and obvious error occurred and then, in the sentencing context, either that: (1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing. *Id*. Under both prongs, the defendant has the burden of persuasion, and if he fails to meet this burden, his procedural default will be honored. *Id*. Here, defendant only argues plain error under the second prong. However, we will first consider whether any error occurred, because "without error, there can be no plain error." *People v. Smith*, 372 Ill. App. 3d 179, 181 (2007).

¶ 11     The question of whether the State was required to provide notice to defendant that he was being charged with the Class 2 UUW by a felon offense is a question of statutory interpretation, which we review *de novo*. *People v. Easley*, 2014 IL 115581, ¶ 13. The primary goal of statutory interpretation is to ascertain and give effect to the intent of the legislature. *Id.* ¶ 16. In construing a statute, we first look to the language of the statute itself because the language is the most reliable indication of the legislature's intent, given its plain and ordinary meaning. *Id.*

¶ 12     Section 111-3(c) of the Code requires:

"When the State seeks an enhanced sentence because of a prior conviction, the charge shall also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant. However, the fact of such prior conviction and the State's intention to seek an enhanced sentence are not elements of the offense and may not be disclosed to the jury during such trial unless otherwise permitted by issues properly raised during such trial. For the purposes of this Section, 'enhanced sentence' means a sentence which is increased by a prior conviction from one classification of offense to another higher level classification of offense ***." 725 ILCS 5/111-3(c) (West 2010).

¶ 13     In order to sustain a conviction for UUW by a felon, the State must prove that the defendant knowingly possessed a firearm and that the defendant had previously been convicted of a felony. 720 ILCS 5/24-1.1(a) (West 2010). Section 24-1.1(e) of the same statute further provides:

"Violation of this Section by a person not confined in a penal institution shall be a Class 3 felony for which the person *** shall be sentenced to no less than 2 years and no more than 10 years ***. Violation of this Section by a person not confined in a penal institution who has been convicted of a forcible felony *** is a Class 2 felony for which the person shall be sentenced to not less than 3 years and not more than 14 years." 720 ILCS 5/24-1.1(e) (West 2010).

¶ 14     Recently, our supreme court considered the issue of whether section 111-3(c) requires the State to notify a defendant that it intends to seek a Class 2 sentence under section 24-1.1(e) of the Criminal Code, in *Easley*, 2014 IL 115581. There, the defendant was convicted of UUW by a felon pursuant to section 24-1.1(e) based on his possession of a handgun and his previous conviction for UUW by a felon. *Easley*, 2014 IL 115581, ¶ 10. The court sentenced defendant under the Class 2 version of the UUW by a felon offense to nine years in prison. *Id.* ¶¶ 10-11. Before the appellate court, defendant argued that he was improperly sentenced as a Class 2 offender because the State failed to notify him that it intended to charge him with an " 'enhanced' Class 2 offense." *Id.* ¶ 11. The appellate court agreed, concluding that the defendant's Class 2 sentence violated section 111-3(c); the court then vacated the defendant's sentence and remanded with instructions to impose a Class 3 sentence on the defendant. *Id.*

¶ 15     On appeal, our supreme court first observed that section 111-3(c) was enacted to " 'ensure that a defendant receive notice, before trial, of the *offense* with which he is charged.' (Emphasis in original.)" *Id.* ¶ 18 (quoting *People v. Jameson*, 162 Ill. 2d 282, 290 (1994)). The supreme court then held:

"In construing the language of section 111-3(c), it is clear that the notice provision applies only when the prior conviction that would enhance the sentence is not already an element of the offense. The language of section 111-3(c) states that 'the fact of such

- 4 -

prior conviction and the State's intention to seek an enhanced sentence *are not elements of the offense* and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial.' (Emphasis added.) [Citation.] This language necessarily implies that section 111-3(c) applies only when the prior conviction is not an element of the offense." *Easley*, 2014 IL 115581, ¶ 19.

¶ 16    Applying its reasoning to the facts of the case before it, the court noted that section 24-1.1(e) specifically provides that a second or subsequent violation of the section "shall be a Class 2 felony for which the person shall be sentenced to a term of imprisonment of not less than 3 years and not more than 14 years." 720 ILCS 5/24-1.1(e) (West 2010). The court continued:

> "The indictment in this case alleged that defendant was guilty of unlawful use of a weapon by a felon in that he was previously convicted of unlawful use of a weapon by a felon. The section 111-3(c) notice provision clearly does not apply in this case because the State did not seek to enhance defendant's sentence with his prior conviction. Rather, as alleged in the indictment, defendant's Class 2 sentence was the only statutorily allowed sentence under section 24-1.1(e) ***. Defendant could not have been given a Class 3 sentence under the applicable sentencing statute." *Easley*, 2014 IL 115581, ¶ 22.

¶ 17    Defendant claims that *Easley* is not applicable in the present case because more than one class of felony was possible for his offense because "vehicular hijacking is not *per se* a forcible felony." In support, defendant notes that vehicular hijacking is not one of the specifically enumerated offenses in the forcible felony statute and argues that it does not fall under the residual clause definition of forcible felony. See 720 ILCS 5/2-8 (West 2010) (defining "forcible felony"); 720 ILCS 5/18-3 (West 2010). Defendant also argues that vehicular hijacking is not a *per se* forcible felony because the residual definition of a forcible felony requires the "use or threat of *physical* force or *violence*" (emphases added) (720 ILCS 5/2-8 (West 2010)), while the force element of vehicular hijacking "merely" requires the "use of force" or threat of the "imminent use of force" (720 ILCS 5/18-3(a) (West 2010)). In support, defendant cites only to a United States Supreme Court case, *Johnson v. United States*, 559 U.S. 133 (2010), in which the Supreme Court defined the term "physical force" for the purposes of the federal Armed Career Criminal Act (see 18 U.S.C. § 924(e)(2)(B)(i) (2006)). *Johnson*, 559 U.S. at 138-40. However, *Johnson* is inapposite to the case before us because the Supreme Court's interpretation of a federal statute does not bind Illinois courts in interpreting a similar state statute. *People v. Gutman*, 2011 IL 110338, ¶ 17.

¶ 18    In response to defendant's arguments, the State contends that vehicular hijacking falls squarely within the definition of "forcible felony" so that defendant could only be sentenced to the Class 2 version of the UUW by a felon offense, and *Easley* therefore applies. Neither party has cited, nor has our research disclosed, a case that has decided the specific question of whether vehicular hijacking is a forcible felony. We resolve it in the affirmative.

¶ 19    A defendant commits vehicular hijacking when he knowingly "takes a motor vehicle from the person or the immediate presence of another by the use of force or by threatening the imminent use of force." 720 ILCS 5/18-3 (West 2010). According to section 2-8 of the Criminal Code, a forcible felony includes several specifically enumerated offenses and "any other felony which involves the use or threat of physical force or violence against any individual." 720 ILCS 5/2-8 (West 2010). In *People v. Thomas*, 407 Ill. App. 3d 136 (2011),

this court recognized that a forcible felony "involves the threat of physical force or violence if the felon 'contemplated that violence might be necessary' to carry out the crime. (Emphasis omitted.)" *Thomas*, 407 Ill. App. 3d at 140 (quoting *People v. Belk*, 203 Ill. 2d 187, 194 (2003)).

¶ 20　　Taking into account the definition of vehicular hijacking, we conclude that the act of taking a motor vehicle from a person by the use of force or by threatening the imminent use of force necessarily involves at least the contemplation that violence might be necessary to carry out the crime. Moreover, defendant has not suggested, nor can we conceive of, a situation in which a defendant could commit vehicular hijacking without using or threatening the use of physical force or violence. See Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2008) (the argument section of appellant's brief "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities *** relied on"). We also note that, of the many specifically enumerated felonies in the forcible felony statute, the following include force or the threat of force or the imminent force as elements of the crime: robbery (720 ILCS 5/18-1(a) (West 2010)), kidnapping (720 ILCS 5/10-1(a)(2) (West 2010)), aggravated kidnapping (720 ILCS 5/10-2(a) (West 2010)), criminal sexual assault (720 ILCS 5/12-13(a)(1) (West 2010)), and aggravated criminal sexual assault (720 ILCS 5/12-14(a) (West 2010)). This further supports our finding that vehicular hijacking falls under the residual clause of the forcible felony statute. Accordingly, we hold that the offense of vehicular hijacking falls within the definition of forcible felony.

¶ 21　　A recent decision from this court, *People v. Polk*, 2014 IL App (1st) 122017, further supports our decision. There, the defendant was convicted of UUW by a felon, in part based on his prior felony conviction for conspiracy to commit murder, and sentenced under the Class 2 version of the offense to 4½ years in prison. *Polk*, 2014 IL App (1st) 122017, ¶¶ 9-11. On appeal, the defendant contended that the State was required to give him notice that it was charging him with a Class 2 felony and that his sentence should be reduced to the penalty imposed on a Class 3 offense. *Id*. ¶ 13. The original opinion, filed prior to the supreme court's decision in *Easley*, held that for the offense of UUW by a felon, "the prior conviction is not an enhancement; it is an element of the offense. Therefore, it defines the offense and establishes its class." *Id*. ¶ 25. The court noted that the charging instrument listed the prior conviction as conspiracy to commit murder, and that the information indictment return sheet listed the UUW by a felon charge as a Class 2 offense. *Id*. ¶ 28. In addition, the court stated that conspiracy to commit murder qualified as a forcible felony, and that, accordingly, "the charge of UUW by a felon could only be a Class 2 felony." *Id*.

¶ 22　　In a petition for rehearing, the defendant argued that his prior conviction of conspiracy to commit murder did not constitute a forcible felony. *Id*. ¶ 42. On June 27, 2014, after *Easley* was decided, the court filed a supplemental opinion upon denial of rehearing in which, after noting that the issue had been waived or forfeited for multiple reasons, it considered whether the conspiracy to commit murder is a forcible felony. *Id*. ¶¶ 42, 52. Relying in part on *Thomas*, the *Polk* court explained:

> "[In *Thomas*,] we held that every attempted murder constituted a forcible felony for purposes of the armed habitual criminal statute, which also utilizes the definition of forcible felony from section 2-8 ***. [Citation.] The *Thomas* court also concluded that the definition of forcible felony in section 2-8 'does not require the actual infliction of physical injury; instead, the statute requires only the "use or threat of physical force or

- 6 -

violence." ' [Citation.] This court recognized that our supreme court 'has explained that a felony involves the threat of physical force or violence if the felon "contemplated that violence might be necessary" to carry out the crime.' [Citation.]" *Polk*, 2014 IL App (1st) 122017, ¶ 53.

¶ 23    Ultimately, the *Polk* court concluded that conspiracy to commit murder was a forcible felony because it "necessarily contemplates that violence would be necessary to enable the conspirators to carry out their common purpose, *i.e.*, murder." *Id.* ¶ 54. Because we have similarly concluded that vehicular hijacking involves at least the contemplation that violence might be necessary to take the motor vehicle from another person by force or threat of force, we find that vehicular hijacking is a forcible felony.

¶ 24    Moreover, notice pursuant section 111-3(c) is not required for the UUW by a felony offense based on an unenumerated forcible felony. See 720 ILCS 5/2-8 (West 2010). We are persuaded by this court's reasoning in *Polk*:

"We reject any argument that *Easley* does not apply to the case at bar because this case involved an unenumerated felony under section 2-8 ***. [Citation.] We find no support in *Easley* for the contention that unenumerated felonies are to be considered any differently than enumerated felonies for purposes of UUW by a felon [citation] and section 111-3(c) [citation]. Such an argument ignores the core holding of *Easley* that section 111-3(c) does not apply when the underlying felony is an element of the offense. Since the prior felony is an element of the offense of Class 2 UUW by a felon, section 111-3(c) does not apply, regardless of whether the prior felony was enumerated or unenumerated under section 2-8." *Polk*, 2014 IL App (1st) 122017, ¶ 56.

¶ 25    Applying this reasoning to the present case, we conclude that defendant's prior felony offense of vehicular hijacking was an element of the Class 2 version of the UUW by a felon offense of which defendant was convicted, and therefore the State was not required to give defendant notice that he was being charged with the Class 2 version of UUW by a felon, pursuant to section 111-3(c). *Easley*, 2014 IL 115581, ¶¶ 19, 22. Because the State was not required to give defendant notice under section 111-3(c), no error was committed. Accordingly, there was no plain error and this issue has been forfeited. *Smith*, 372 Ill. App. 3d at 181.

¶ 26    Defendant next contends that he was subject to an improper double enhancement because the same prior felony conviction was used as both an element of the offense of UUW by a felon and to enhance the class of his offense.

¶ 27    Defendant again concedes that he did not properly preserve this issue for review (see *Hillier*, 237 Ill. 2d at 544-45) but asks that we review the issue under the plain error doctrine. As mentioned above, the plain error doctrine is a limited and narrow exception to the general forfeiture rule. *Id.* at 545. To obtain relief under the doctrine, a defendant must first show that a clear and obvious error occurred. *Id.* Under both prongs, the defendant has the burden of persuasion, and if he fails to meet this burden, his procedural default will be honored. *Id.* We will first consider whether any error occurred, because "without error, there can be no plain error." *Smith*, 372 Ill. App. 3d at 181.

¶ 28    Our supreme court also considered this issue in *Easley*. *Easley*, 2014 IL 115581, ¶ 27. Similar to defendant's argument here, the defendant in *Easley* argued that he was subject to an improper double enhancement because the same prior felony conviction was used both as an

element of the offense and to enhance the class of offense and impose a harsher sentence. *Id*. The supreme court disagreed, explaining:

> "[D]efendant's argument erroneously assumes that he was charged and convicted of a Class 3 offense and sentenced as a Class 2 offender. Because we have found that defendant was charged, convicted, and sentenced as a Class 2 offender, defendant's double enhancement claim necessarily fails. The prior conviction *** was used only once, as an element of the offense, and not also to enhance the offense." *Id*. ¶ 28.

¶ 29 Here, we similarly concluded that that defendant was charged, convicted, and sentenced as a Class 2 offender, and accordingly, his double enhancement claim fails.

¶ 30 For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 31 Affirmed.