NOTICE

Decision filed 05/27/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 170436-U

NO. 5-17-0436

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Monroe County. |
| | ) | |
| v. | ) | No. 16-CF-136 |
| | ) | |
| DANIEL E. CRAFT, | ) | Honorable |
| | ) | Dennis B. Doyle, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Cates and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court did not err in reciting the legal principles outlined in Illinois Supreme Court Rule 431(b) where it asked the potential jurors, in rows, whether they understood and accepted these principles, and each potential juror was afforded an individual opportunity to respond.

¶ 2    Following a jury trial, defendant, Daniel E. Craft, was found guilty of unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2016)) and theft over $500 (*id.* § 16-1(a)(1)(A)) and sentenced to three years in prison. On appeal, defendant argues his conviction should be reversed and case remanded for a new trial because the circuit court failed to adequately comply with Illinois Supreme Court Rule 431(b) (eff. July 1, 2012) when it questioned the jury venire. As a result, defendant asserts he was denied a fair trial by an impartial jury. For the following reasons, we affirm.

1

¶ 3                                     I. Background

¶ 4    On December 12, 2016, defendant was charged with the offenses of residential burglary (720 ILCS 5/19-3(a) (West 2016)), unlawful possession of a weapon by a felon (*id.* § 24-1.1(a)), and theft over $500 (*id.* § 16-1(a)(1)(A)). Defendant's case subsequently proceeded to a jury trial on August 14, 2017.

¶ 5    During *voir dire*, the circuit court advised the venire that defendant was presumed innocent; the State bore the burden of proving defendant guilty beyond a reasonable doubt; defendant was not required to prove his innocence; and no presumption of guilt arose if defendant chose not to testify. The court then individually addressed each potential juror about their backgrounds. Following extensive discussion with the potential jurors, the court stated the following:

> "Let me ask row by row whether everyone understands and accepts the following four principles of law. If anyone does not understand or does not accept any of the principles, please raise your hand and let me know.
>
> In the first row, does everyone understand and accept that the defendant is presumed innocent of the charges against him?
>
> That before a defendant can be convicted, the State must prove the defendant guilty beyond a reasonable doubt?
>
> That the defendant is not required to offer any evidence on his own be—his own behalf and that the Defendant's failure to testify, if he does failure—fail to testify, cannot be held against him?
>
> Does everyone in the first row understand and accept those principles?
>
> Does everyone in the second row understand and accept those principles?
>
> Does everyone in the third row understand and accept those principles?
>
> And does everyone in the fourth row understand and accept those principles?
>
> No one indicates in the negative."

The court then allowed the attorneys to question the venire, and the jury was selected and sworn in.

2

¶ 6    Following the jury trial, defendant was found guilty and convicted of unlawful use of a weapon by a felon and theft over $500. Defendant was found not guilty of residential burglary. Defendant was sentenced to concurrent prison sentences of two years for unlawful use of a weapon by a felon and three years for theft over $500. This appeal followed.

¶ 7                                    II. Analysis

¶ 8    The sole issue on appeal is whether the circuit court violated Illinois Supreme Court Rule 431(b) when it questioned potential jurors during *voir dire*. Defendant asserts that the court failed to comply with Rule 431(b) because: (1) the four principles were given all at once in compound form; (2) the third and fourth principles were combined; (3) the jurors were asked collectively as a group whether they understood and accepted the principles; and (4) the jurors were asked to raise their hands if they did not understand or accept any of the principles. As a result, defendant asserts that he was denied a fair trial by an impartial jury. Defendant acknowledges that he failed to preserve this issue for review but maintains this issue may be addressed by this court because it constitutes plain error where the evidence was closely balanced. We disagree.

¶ 9    Ordinarily, a defendant must both object at trial and include the alleged error in a written posttrial motion to preserve an issue for appeal. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). Under the plain-error doctrine, however, a reviewing court may consider an unpreserved and otherwise forfeited error "(1) where the evidence in the case is so closely balanced that the jury's guilty verdict may have resulted from the error and not the evidence[ ] or (2) where the error is so serious that the defendant was denied a substantial right[ ] and thus a fair trial." *People v. McLaurin*, 235 Ill. 2d 478, 489 (2009). However, before we consider application of the plain-error doctrine to the case at issue, we must determine whether the circuit court erred in its

application of Rule 431(b). *People v. Willhite*, 399 Ill. App. 3d 1191, 1194 (2010). This is because, absent error, there can be no plain error. *People v. Wooden*, 2014 IL App (1st) 130907, ¶ 10 (quoting *People v. Smith*, 372 Ill. App. 3d 179, 181 (2007)).

¶ 10    Rule 431(b) is a codification of our supreme court's decision in *People v. Zehr*, 103 Ill. 2d 472, 476-78 (1984), which held that the circuit court erred by refusing the defendant's request to ask the venire about four fundamental principles of law. Rule 431(b) states as follows:

> "The court shall ask each potential juror, individually or in a group, whether that juror understands and accepts the following principles: (1) that the defendant is presumed innocent of the charge(s) against him or her; (2) that before a defendant can be convicted the State must prove the defendant guilty beyond a reasonable doubt; (3) that the defendant is not required to offer any evidence on his or her own behalf; and (4) that if a defendant does not testify it cannot be held against him or her; however, no inquiry of a prospective juror shall be made into the defendant's decision not to testify when the defendant objects.
>
> The court's method of inquiry shall provide each juror an opportunity to respond to specific questions concerning the principles set out in this section." Ill. S. Ct. R. 431(b) (eff. July 1, 2012).

Whether the circuit court complied with Rule 431(b) is subject to *de novo* review. *People v. Suarez*, 224 Ill. 2d 37, 41-42 (2007).

¶ 11    Here, we find the circuit court's questioning of potential jurors complied with Rule 431(b) when it combined the third and fourth principles and stated the four principles all "at once." Although the court mentioned the third and fourth principles in a compound sentence, we cannot say that this phraseology improperly conflated the fundamental principles, especially considering that the court expressly stated that it was reciting four principles. Moreover, contrary to defendant's argument, case law supports the conclusion that combining principles is not necessarily erroneous when explained at the same time. See *People v. Davis*, 405 Ill. App. 3d

4

585, 590 (2010); *People v. Ware*, 407 Ill. App. 3d 315, 355-56 (2011); *Willhite*, 399 Ill. App. 3d at 1196-97.

¶ 12 The record also reflects the circuit court admonished all jurors regarding each Rule 431(b) principle and then immediately questioned those jurors in smaller groups to determine both their understanding and acceptance of each principle. The court's questioning provided the opportunity for each juror to respond. Contrary to defendant's suggestion on appeal, case law does not interpret Rule 431(b) as requiring a process for the court to address each principle separately, especially given that Rule 431(b) does not contain such a requirement. See *People v. Thompson*, 238 Ill. 2d 598, 607 (2010); *Willhite*, 399 Ill. App. 3d at 1196 (the plain language of Rule 431(b) does not require the court to ask jurors individually about each principle or receive their answers one by one); see also *People v. Wallace*, 402 Ill. App. 3d 774, 778 (2010) ("Rule 431(b) does not require that the trial court ask separate questions of the jurors about each individual principle.").

¶ 13 Defendant also argues that the circuit court erred when it asked the jurors collectively as a group whether they understood and accepted the principles. Additionally, defendant takes issue with the court's instruction for the jurors to raise their hands if they did not understand and/or accept any of the principles. While the record demonstrates that the potential jurors were unable to respond immediately after the court recited each specific principle, the court's method of inquiry complied with the requirements set forth in Rule 431(b), as it provided the jurors an individual opportunity to respond with questions and to demonstrate a refusal to accept the principles. See *Willhite*, 399 Ill. App. 3d at 1197; *Wallace*, 402 Ill. App. 3d at 778 (court complied with Rule 431(b) when it questioned the venire in three groups with the opportunity for jurors to raise their hand to voice questions and objections).

5

¶ 14    The potential jurors in this case were addressed in small groups, specifically four groups based on each juror's row, and collectively answered that they understood and accepted the four principles. Contrary to defendant's argument, there is nothing in the record to indicate that the circuit court acted in a manner that caused juror hesitancy or would have discouraged the jurors from raising their hand, such that a juror did not respond out of fear of being the "standout in the crowd," as defendant asserts. Rather, if a potential juror would have raised his or her hand, the court would have been able to inquire further of that particular juror. Accordingly, similar to *Willhite*, we find the plain language of the rule neither requires the court to ask potential jurors individually about each principle nor receive separate, individual answers.

¶ 15    Lastly, defendant's citation to *People v. McCovins*, 2011 IL App (1st) 081805-B, does not alter our determination. In *McCovins* (*id.* ¶ 36), the circuit court "merely provided the prospective jurors with a broad statement of legal principles interspersed with commentary on courtroom procedure and the trial schedule, and then concluded with a general question about the potential jurors' willingness to follow the law." The court's inquiry in *McCovins* was not problematic because the court asked one long, compound question. Rather, a reading of *McCovins* shows the problem was the way the court asked the question. The court erred because it "did not specifically refer to the four principles when it inquired whether the potential jurors could abide by all of the legal principles it had discussed in its prefatory comments." *Id.* ¶ 37. Thus, there was no way to ascertain whether the jurors understood and accepted each of the four Rule 431(b) principles. *Id.* ¶ 36.

¶ 16    Unlike *McCovins*, here, the circuit court asked straightforward questions and did not stray from the purpose of addressing the legal principles. The court recited each of the four principles and, importantly, was able to ascertain whether the jurors understood and accepted each principle

by affording each juror an opportunity to respond with questions or demonstrate a refusal to accept each of the principles. Because the record indicates the jurors understood and accepted the Rule 431(b) principles, the court's admonishments and inquiries were sufficient.

¶ 17    Therefore, because we conclude the circuit court committed no error in reciting the Rule 431(b) principles to the jury venire and inquiring about its understanding and acceptance of the principles, we need not consider defendant's contention under plain-error analysis.

¶ 18                                III. Conclusion

¶ 19    For the foregoing reasons, the judgment of the circuit court of Monroe County is hereby affirmed.

¶ 20    Affirmed.