# United States Court of Appeals
## For the Eighth Circuit
_____

No. 22-2858
_____

United States of America

*Plaintiff - Appellee*

v.

Ricky Pulley

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa
_____

Submitted: March 16, 2023
Filed: August 1, 2023
_____

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.
_____

GRASZ, Circuit Judge.

In February 2022, Ricky Pulley pled guilty to unlawfully possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] ultimately sentenced Pulley to 87 months of imprisonment. On appeal, Pulley challenges the

_____

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

district court's calculation of the advisory sentencing range under the United States Sentencing Guidelines Manual ("Guidelines"). Specifically, Pulley argues the district court erroneously decided Pulley's past conviction for aggravated vehicular hijacking in violation of 720 Illinois Compiled Statutes § 5/18-4(a)(3) was a crime of violence, and thus it should not enhance his offense level under § 2K2.1 of the Guidelines. We affirm.

"We review a district court's determination that a prior conviction is a crime of violence under the Guidelines de novo." *United States v. Long*, 906 F.3d 720, 725 (8th Cir. 2018). "The relevant definition of a violent felony under the [Armed Career Criminal Act] and the definition of a crime of violence under the [G]uidelines are so similar that we generally consider cases interpreting them interchangeably." *United States v. Brown*, 916 F.3d 706, 708 (8th Cir. 2019) (quoting *United States v. Sykes*, 914 F.3d 615, 620 (8th Cir. 2019)). "As with the ACCA, our precedent . . . require[s] courts to use the categorical approach to determine whether an offense qualifie[s] as a crime of violence." *United States v. Davis*, 139 S. Ct. 2319, 2326 (2019).

In using the categorical approach, a court "looks to the fact of conviction and the statutory elements of the prior offense." *Martin v. United States*, 904 F.3d 594, 596 (8th Cir. 2018) (quoting *United States v. Headbird*, 813 F.3d 1092, 1095 (8th Cir. 2016)). "In these situations, 'we must presume that the conviction rested upon nothing more than the least of the acts criminalized, and then determine whether even those acts'" are a crime of violence. *United States v. Schneider*, 905 F.3d 1088, 1091 (8th Cir. 2018) (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013)).

Pulley argues his past conviction of the Illinois offense of aggravated vehicular hijacking is not a crime of violence for purposes of § 4B1.2(a) of the Guidelines, which relevantly states:

> The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm . . . or explosive material . . . .

The first portion of the statute is known as the "force clause," while the second portion is referred to as the "enumerated offenses" clause. *See, e.g.*, *United States v. Martin*, 15 F.4th 878, 883 (8th Cir. 2021); *United States v. McMillan*, 863 F.3d 1053, 1056 (8th Cir. 2017).

Pulley argues the version of the Illinois statute under which he was convicted does not require the crime be committed "knowingly," but instead also covered reckless acts, making vehicular hijacking not a crime of violence. Pulley's previous conviction for vehicular hijacking was under the 2005 version of 720 Illinois Compiled Statutes §§ 5/18-3(a) and 4(a).[2] The section at issue is section 5/18-3(a), which states, "A person commits vehicular hijacking when he or she takes a motor vehicle from the person or the immediate presence of another by the use of force or by threatening the imminent use of force."

Although this is a matter of first impression in this circuit, we do not approach this question with a blank slate. In *Sykes*, we held a conviction for vehicular hijacking is a crime of violence because, under Illinois law, we "could not 'conceive of a situation in which a defendant could commit vehicular hijacking without using or threatening the use of physical force or violence.'" 914 F.3d at 620–21 (cleaned up) (quoting *People v. Wooden*, 16 N.E.3d 850, 855 (Ill. App. Ct. 2014)). In *Sykes*, however, the conviction for vehicular hijacking was under an updated version of the statute, which defined the crime as when "[a] person . . . *knowingly* takes a motor

---

[2]Specifically, Pulley's conviction was for aggravated vehicular hijacking in violation of §§ 5/18-3(a) and 4(a). Section 4(a) states, "[a] person commits aggravated vehicular hijacking when he or she violates Section 18-3; and . . . carries . . . or is otherwise armed with a dangerous weapon . . . ."

vehicle from the person or the immediate presence of another by the use of force or by threatening the imminent use of force." 720 Ill. Comp. Stat. § 5/18-3(a) (2012) (emphasis added). Thus, this case is not directly controlled by *Sykes* because Pulley was convicted under an older version of the statute containing different language.

Further, since *Sykes*, the Supreme Court has held statutes requiring merely a reckless use of force do not qualify as crimes of violence under the force clause. *See Borden v. United States*, 141 S. Ct. 1817, 1830, 1834 (2021) (plurality opinion). After *Borden*, the force clause "categorically excludes crimes that can be committed recklessly" under both the ACCA and the Guidelines. *United States v. Hoxworth*, 11 F.4th 693, 695 (8th Cir. 2021); *accord United States v. Frazier*, 48 F.4th 884, 886–87 (8th Cir. 2022).

Therefore, the issue here is whether, under the pre-2012 version of the Illinois statute, Pulley could have been convicted for *reckless* vehicular hijacking. We conclude the answer is no. Indeed, there is no precedential basis to determine vehicular hijacking can be committed recklessly. To the contrary, when interpreting this same version of the statute, the Illinois Court of Appeals concluded:

> [T]he act of taking a motor vehicle from a person by the use of force or by threatening the imminent use of force necessarily involves at least the contemplation that violence might be necessary to carry out the crime. Moreover, defendant has not suggested, nor can we conceive of, a situation in which a defendant could commit vehicular hijacking without using or threatening the use of physical force or violence.

*Wooden*, 16 N.E.3d at 855.

Further, with similar crimes we have reasoned that even when there is "a theoretical possibility that . . . [a] conviction could be based on reckless conduct," we must apply the "realistic probability" principle. *United States v. Bragg*, 44 F.4th 1067, 1078 (8th Cir. 2022). Applying this principle, we have held there was "no realistic probability that a person would be charged with and convicted of Illinois

-4-

armed robbery based on merely reckless conduct." *Id.* Further, "[w]hen a robbery is committed or attempted, common sense dictates that the perpetrator either intends to deprive the owner permanently of the use or benefit of the property, or knowingly uses . . . the property in such a manner." *Id.* (alteration in original) (quoting *People v. Jones*, 595 N.E.2d 1071, 1075 (Ill. 1992)).

The same is true here. There is neither a precedential case nor a realistic situation in which vehicular hijacking would not be considered a crime of violence as it "has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." U.S.S.G. § 4B1.2(a)(1). Like the crime of armed robbery analyzed in *Bragg*, 44 F.4th at 1078, there is no realistic probability that one could *recklessly* take possession of "a motor vehicle from the person or the immediate presence of another by the use of force or by threatening the imminent use of force." 720 Ill. Comp. Stat. § 5/18-3(a) (2005); *accord United States v. Norris*, 835 F. App'x. 892, 893–94 (7th Cir. 2021) (applying the same reasoning to conclude vehicular hijacking is a crime of violence under the same version of section 5/18-3(a)). Therefore, we hold Pulley's vehicular hijacking conviction constitutes a crime of violence under the force clause.[3]

We accordingly affirm the judgment of the district court.

_____

_____

[3]Since Pulley's vehicular hijacking conviction is a crime of violence under the force clause, it is not necessary for us to explore the issue of whether it constitutes a crime of violence under the enumerated offenses clause.